[No. 34952. Department One. June 18, 1959.]

MARGARET P. HOLMQUIST, *Appellant,* v. GRANT COUNTY, *Respondent.*[1]

[1]Reported in 340 P. (2d) 788.

*Washington & Wickwire* and *Joe McAdams,* for appellant.
*Hughes & Jeffers,* for respondent.

HILL, J.—From a judgment on the verdict of a jury in favor of the defendant, Grant county, in an action for personal injuries, the plaintiff, Margaret P. Holmquist, appeals.

The only things certain in this case are: that the car in which the plaintiff was a passenger failed to negotiate a sharp turn in a county road; that there was no warning sign giving notice of the turn; that the plaintiff sustained injuries on being thrown out of the car; that the car skidded one hundred twenty-one feet before leaving the highway and skidded another twenty-five feet through loose gravel, turned over, landed on its wheels faced in the opposite direction to which it had been traveling and some two hundred feet from where the skid marks started.

There exists in the minds of some of the judges a serious question as to whether there was sufficient evidence on the issue of proximate cause to take this case to the jury; but, passing that question and assuming that there was a case for the jury, we will consider the various assignments of error, which deal primarily with the instructions given and refused.

The instructions, as a whole, were concerned with four phases peculiar to this particular case:

A. The negligence on the part of the county. (Claimed negligence set out in instruction No. 2, the failure to post signs and maintain barriers, covered in instructions Nos. 11½ and 12½.)

B. The fact that the negligence, if any, of the driver of the car in which the plaintiff was riding was not attributable to her and would not bar her recovery (presented by instruction No. 8).

C. The corollary of A and B: that if both the county and the driver were negligent, and the negligence of each of them was a proximate cause of the plaintiff's injuries, the plaintiff was entitled to recover against the county (presented by instruction No. 8). To these should be added the proposition on which the county's case rested, i.e.,

D. The obligation of the plaintiff to prove that the negligence of the county was a proximate cause of the plaintiff's injuries (presented by instructions Nos. 11½ and 12½).

The trial court gave an instruction (No. 11) reading:

"You are instructed that the defendant is not a guarantor against accidents, nor a guarantor of the safety of travelers. The duty of Grant County is to exercise ordinary care in maintaining public ways in a reasonably safe condition for persons using such ways."

The plaintiff-appellant, by her first assignment of error, urges that the trial court should have added the following to the instruction, as given:

". . . and to use such care as would keep such public highway in a reasonably safe condition, including the placing and maintaining of warning signs at such places as would afford notice to travelers of a situation inherently dangerous or of such a character as to mislead a traveler exercising reasonable care."

As we have recently pointed out in *McDonald v. Spokane County* (1959), 53 Wn. (2d) 685, 336 P. (2d) 127, a trial court is under no obligation to buttress jury arguments with supporting instructions. Counsel could, on the basis of the instruction given, have argued—and, doubt-

less, did—the obligation of the county to post signs and not to mislead travelers. However, the jury was adequately informed of the claimed negligence by instruction No. 2, in these words,

". . . and that a sharp turn has been made to permit vehicles traveling on the Old Moses Lake Highway to enter Highway 11-G; that a substantial ditch has been placed at the point where the Old Moses Lake-Ephrata Highway terminates and that there is no warning sign or other indication that said sharp turn exists and that there is no barrier placed there to warn of the sharp turn or of the existence of the ditch. The plaintiff further claims that such condition constitutes a menace and is dangerous and hazardous to travelers and that said condition had existed for a substantial time prior to the time of the accident and that the defendant knew, or in the exercise of reasonable care should have known that such condition existed and was a dangerous and hazardous condition."

Again, in instruction No. 11½, the jury was advised that the claimed negligence of the county consisted of "the manner in which it maintained the roadway where the accident occurred, or in failing to erect warning signs or barricades."

We find no merit in the first assignment of error.

The plaintiff-appellant's second assignment of error relates to instruction No. 11½, which reads as follows:

"You are instructed that your problem is to determine whether this accident occurred as a result of the County having been negligent in the manner in which it maintained the roadway where the accident occurred, or in failing to erect warning signs or barricades, or whether the accident occurred and was proximately caused by negligence on the part of the driver of the vehicle in which the plaintiff was then a passenger.

"No legitimate inference can be drawn from the mere fact that an accident occurred. Unless you find that the plaintiff has established that the accident would not have occurred had a warning sign and barrier post been in place at the time of the accident, your verdict must be for the defendant Grant County."

■ It is urged that the first paragraph of this instruction misstates the problem, and that it is not whether the accident occurred as a result of the county's negligence or the negligence on the part of the driver of the car in which the plaintiff was riding, because the plaintiff would be entitled to recover if the county's negligence were a proximate cause of the accident, even though the driver's negligence were also a proximate cause.

There would be substance in this contention, if this instruction were isolated from the others, but it must be read in conjunction with instruction No. 8, to which the plaintiff-appellant took no exception and which dealt specifically with the phase of concurrent negligence. Instruction No. 8 clearly states that the county is liable, if its negligence contributed to the plaintiff's injury, irrespective of the negligence, if any, on the part of the driver of the car in which plaintiff was riding.

It would appear that instruction No. 11½ is not confusing when read with instruction No. 8.

■ Exception is taken to the second paragraph of instruction No. 11½, as placing an impossible burden of proof on the plaintiff. It seems to us to state nothing more than that the plaintiff had the burden of proving that the county's failure to place a warning sign and a barrier post was a proximate cause of the accident in which the plaintiff sustained her injury.

Attention is called to instruction No. 12½, which imposed the same burden of proof, and to which no exception was taken:

"You are instructed that in this case, the burden of proof is upon plaintiff to establish not only that the County was negligent in not having installed warning signs and barriers on the roadway where the accident occurred, but that such negligence was the proximate cause of her injuries. You must first determine that she has met this burden before you can return a verdict in her favor. . . ."

The third assignment of error is:

"The instructions given by the Court were misleading,

inconsistent and posed questions of metaphysical intricacy and doubt, and said instructions were ambiguous."

Only two exceptions were taken to the instructions by the plaintiff-appellant, and they have been the basis of the first two assignments of error already considered. As we read the instructions, the jury was adequately advised of the principles of law applicable to the facts of the case and, particularly, as related to A, B, C, and D, *supra,* which were the only facets of the case requiring special consideration.

The final assignment of error was that, "The evidence will not sustain the verdict."

We indicated, at the beginning of this opinion, that some members of the court entertained serious doubt as to whether the plaintiff had made a case for the jury. Certainly the jury was entitled to find that the plaintiff had failed to prove the county's negligence was the proximate cause of her injury.

Finding no prejudicial error, the judgment of dismissal is affirmed.

WEAVER, C. J., DONWORTH, FINLEY, and HUNTER, JJ., concur.