[No. 2409. Decided November 30, 1896 ]

J. W. DUTCHER, *Appellant*, v. H. C. HOWARD, *Respondent.*

WITNESS — RE-EXAMINATION — MAY COVER GROUND OF CROSS-EXAMINATION — NON-SUIT — SUFFICIENCY OF EVIDENCE.

Where counsel examine a witness as to facts not admissible in evidence the other party is entitled to re-examine as to the testimony elicited.

A non-suit is improper, when there is sufficient testimony to sustain a verdict, although the facts testified to may be inadmissible in evidence and are only properly in the case as a result of the unchallenged examination of witnesses.

Appeal from Superior Court, Skagit County.— Hon. HENRY McBRIDE, Judge. Reversed.

*Million & Houser*, for appellant :

" If the counsel chooses to cross-examine the witness to facts, which were not admissible in evidence, the other party has a right to re-examine him as to the evidence so given." 1 Greenleaf, Evidence, (13th ed.) § 468; 1 Rice, Evidence, p. 610; *King v. Haney*, 46 Cal. 563 (13 Am. Rep. 217); *Hogan v. Shuart*, 28 Pac. 969; *Sullivan v. City of Oskkosh*,. 13 N. W. 469; *Chicago, etc., Ry. Co. v. Wiebe*, 41 N. W. 297; *Wheelock v. Godfrey*, 35 Pac. 319; *Bruce v. State*, 21 S. W. 681; *Toliver v. State*, 10 South. 428; *Byrne v. Reed*, 17 Pac. 202; *Fauloon v. Johnston*, 9 S. E. 394; *Wiggins v. Guthrie*, 101 N. C. 661; *Dallmeyer v. Dallmeyer*, 16 Atl. 72; *Cropsey v. Averill*, 8 Neb. 151.

Where counsel allows testimony to go in without objection, with a full knowledge of its character at the time it is offered, they cannot at the close move to strike out, even if their motion would otherwise have

been well taken. *Wendt v. Chicago, etc., Ry. Co.*, 57 N. W. 227; *People v. Nelson*, 24 Pac. 1006; *Hickman v. Green*, 27 S. W. 440; *Bingham v. Walk*, 27 N. E. 485; *Brown v. Owen*, 94 Ind. 31; *Brown v. Cleveland*, 62 N. W. 463; *Ellinger v. Rawlings*, 40 N. E. 146; *Lake Shore, etc., Ry. Co. v. McIntosh*, 38 N. E. 476; *Mabry v. State*, 14 South. 267; *Taylor v. McGrath*, 36 N. E. 164; *Way v. Johnson*, 58 N. W. 553; *Western Home Ins. Co. v. Richardson*, 58 N. W. 600.

*Sinclair & Smith*, and *George A. Joiner*, for respondent:

No questions can properly be put to a witness on re-examination, which do not relate to matters inquired into on cross-examination, even the fact that a witness on his cross-examination has related a part of a hearsay story will not authorize the party calling him to call out the rest of it, if a proper objection is interposed. *Miller v. Illinois Central R. R. Co.*, 57 N. W. 418; *Fry v. Leslie*, 12 S. E. 671; *Schaser v. State*, 36 Wis. 429; *Bassham v. State*, 38 Tex. 622; *Wagner v. People*, 30 Mich. 384; *Uhe v. Chicago, etc., Ry. Co.*, 54 N. W. 601; *Fremont Butter & Egg Co. v. Peters*, 63 N. W. 791; *Redman v. Peirsol*, 39 Mo. App. 173; *Roberts v. Boston*, 21 N. E. 668; *Avery v. Mattice*, 9 N. Y. Supp. 166.

The opinion of the court was delivered by

DUNBAR, J.—This is an action brought by appellant against respondent for damages in the sum of $10,000 alleged to have been sustained by appellant by reason of certain wrongful acts of respondent in alienating the affections of appellant's wife, thereby causing appellant to be deprived of the comforting society of said wife and causing his domestic relations to be broken up and destroyed, etc.

The answer was a denial of the acts and the cause proceeded to trial before a jury. At the close of plaintiff's testimony defendant moved for a non-suit on the ground of a total failure of proof, which motion was granted by the court.

During the trial one Mrs. M. J. Larson testified on behalf of the plaintiff, and in her examination in chief she testified over respondent's objection to certain acts and transactions which had taken place between respondent and appellant's wife. This testimony was based upon what appellant's wife had told witness with reference to these matters. At the close of the examination in chief of this witness, counsel for the respondent moved to strike out all the testimony as to what was told witness by Mrs. Dutcher, the appellant's wife, which motion was granted by the court. Thereupon, on cross-examination, counsel for the respondent proceeded to examine witness with reference to the same matters which had been eliminated from the case by the ruling of the court on respondent's motion. On the re-direct examination the counsel for the appellant again went into the testimony called out by the respondent, carrying on the same line of inquiry on re-cross-examination that had been carried on by the cross-examination of the respondent. At the close of this witness's testimony respondent's counsel moved that all the testimony concerning the confession made to the witness, Mrs. Larson, as testified to by her, be stricken from the record. This motion was granted by the court and the granting of said motion is assigned as error here. We are satisfied from the testimony in this case that, if the testimony of Mrs. Larson were allowed to stand, there was sufficient testimony to have been submitted to the

jury, and the court would not have been warranted in granting a motion for non-suit.

It is contendad by the respondent that the error alleged by the appellant is not based upon the facts in the case, that the record shows that the witness was not examined as to what Mrs. Dutcher said to the witness, and that no part of the cross-examination was directed towards ascertaining what Mrs. Dutcher said or confessed, whether wholly or in part; but we have examined the testimony thoroughly and are convinced that the record bears out the statement made by the appellant. The counsel chose to examine the witness as to facts which were not admissible in evidence, and under all the authorities, and for the best of reasons, we think the other party had a right to re-examine as to the evidence elicited by the cross-examination.

For this error in striking out testimony which, if admitted, would have been sufficient to have sustained a verdict, the judgment will be reversed with instructions to overrule the motion for non-suit.

ANDERS and GORDON, JJ., concur.

HOYT, C. J., dissents.