[No. 21060.   Department One.   July 18, 1928.]

THE STATE OF WASHINGTON, *Respondent*, v. JOHN CUMMINGS, *Appellant*.[1]

[1] RAPE (10)—FORCE—AGE OF CONSENT—PRESUMPTION.   In a prosecution for statutory rape of one under the age of consent, the fact that force was used in the attempt is immaterial, since force is presumed.

[2] RAPE (20)—EVIDENCE—PHYSICAL CONDITION—REMOTENESS.   In a prosecution for statutory rape of one under the age of consent, who immediately made complaint, the testimony of a doctor who made a physical examination within a few hours is not too remote.

Appeal from a judgment of the superior court for Clark county, Simpson, J., entered July 19, 1927, upon a trial and conviction of rape.   Affirmed.

*Miller, Wilkinson & Miller* and *Maurice Langhorne*, for appellant.

*Dale McMullen* and *Claude C. Snider*, for respondent.

MITCHELL, J.—The defendant was charged by information with the crime of carnal knowledge of a girl sixteen years of age, not his wife.   The jury found him guilty of an attempt to commit the crime charged, and he has appealed from a judgment and sentence on the verdict.

[1]   The main contention on behalf of the appellant is that, according to the state's proof, the case was one of an attempt at forcible rape and not an attempt to commit the crime of carnal knowledge under the statutes and as alleged in the information. The prosecuting witness testified that, on several prior

[1]Reported in 268 Pac. 1035.

occasions, while working for and with the appellant on his farm, he had solicited her to allow him to have sexual intercourse with her, and that on the day mentioned in the information, while working in the field in close proximity to his family residence, he took hold of her, pulled her down and attempted to have sexual intercourse with her. True, she said while testifying, that she tried to push him off, but she further testified that she did not say anything nor did she scream or give any outcry or alarm of any kind, although the house in which appellant's wife was supposed to be at that time was but a very short distance away. This proof does not take the case out of the statute defining the crime of carnal knowledge. Indeed, the theory of the statute is that force is even presumed, the child can not give consent.

In *State v. Roller,* 30 Wash. 692, 71 Pac. 718, the defendant fled to British Columbia after committing the crime, and was extradited. Upon the trial of his case, it was argued on his behalf that there was a variance, because the prosecuting witness testified that the defendant had carnally known her by force, while the information simply charged unlawful and felonious carnal knowledge, she being sixteen years of age. Discussing the contention made on behalf of the appellant, the court said:

"When it was alleged and proved that the prosecutrix was under the age of eighteen years, it was not necessary to prove force. Force is conclusively presumed, and the proof of force in such a case does not take away or add to the elements constituting the offense. The fact that the prosecuting witness testified that the appellant used force does not change the character of the crime under the statute; it was still the same crime alleged in the information and alleged in the record of extradition."

See, also, *State v. Falsetta,* 43 Wash. 159; 86 Pac. 168, 10 Ann. Cas. 177; *State v. Melvin,* 144 Wash. 687, 258 Pac. 859.

[2] The physician who made a personal examination of the prosecuting witness testified concerning that examination. It is argued that the testimony was too remote. It clearly appears, however, that, as soon as the girl reached home from the scene of the crime, she was taken to Vancouver and examined by the physician within a few hours after the act constituting the crime. The testimony was not too remote, in our opinion, and besides, there was no objection of any kind to the physician's testimony at the time it was given.

Two witnesses testified as to the appearance of the recently plowed land at the scene of the crime, a part of which testimony was objected to by the appellant. Upon examining the testimony, we are satisfied that it could not have prejudiced the rights of the appellant.

Our disagreement with the arguments on behalf of the appellant upon the points discussed makes it unnecessary to notice other assignments of error.

Affirmed.

FULLERTON, C. J., FRENCH, PARKER, and TOLMAN, JJ., concur.