[No. 24151. Department One. January 5, 1932.]

MONROE STREET LUMBER COMPANY, *Respondent and Cross-appellant*, v. MARY V. GARVEY, *Appellant*.[1]

[1] Reported in 17 P. (2d) 904.

*T. T. Grant,* for appellant.

*C. P. Lang* and *John E. Orr,* for respondent and cross-appellant.

MITCHELL, J.—This action was brought by the Monroe Street Lumber Company, a corporation, against Mary V. Garvey (Mrs. Garvey) and others to foreclose liens in the sum of $1,380.56 for material and labor furnished in remodeling a house belonging to Mrs. Garvey in Spokane. $1,182.84 of the amount was alleged to be due for material furnished by the plaintiff, and the balance was claimed to be due it as assignee of a number of labor claims. The contractor and a mortgagee were made defendants, but they are not taking part on the appeal.

Mrs. Garvey answered, denying generally the allegations of the complaint, and then, as an affirmative defense and cross-complaint, alleged, in effect, that she made a contract with the plaintiff to remodel her house according to plans and specifications for $2,800; that a representative of plaintiff, Walter T. Bryan, introduced one A. T. Anderson, whom the plaintiff had selected to take charge of the work, and requested her to sign a memorandum contract to that effect with Anderson; that she told Bryan that she did not know Anderson, and that she was dealing with the plaintiff; that Bryan assured her Anderson was reliable and that he, Bryan, representing the plaintiff, would be in constant attendance on the job to see that the

contract would be completed; that she relied on such representations and executed the contract with Anderson without knowing its contents; that the representations were false, in that Anderson was irresponsible and insolvent, within the knowledge of the plaintiff.

It was further alleged that the plaintiff entered upon and continued the performance of the contract for some months, and then abandoned the work. It was further alleged that, on account of the defectiveness of the work performed by the plaintiff, the defendant was damaged in the sum of one thousand dollars; that she was compelled to expend the sum of $1,926.40 in completing the building, and that she had paid the plaintiff one thousand dollars. The answer demanded that plaintiff take no judgment, and that she have judgment against the plaintiff for one thousand dollars on account of defective work and $126.40 for cost of completing the job over the contract price, or a total of $1,126.40.

The allegations of the affirmative defense and cross-complaint were denied by a reply.

The trial resulted in findings from which it was concluded and adjudged that the plaintiff have and recover from Anderson, the builder, $1,380.56, interest and costs, the full amount sued for; and that, of that amount, the plaintiff was entitled to recover in the principal sum of $730.56, together with attorney's fees and other costs, as a lien against defendant's property, thus allowing Mrs. Garvey $650 against the plaintiff as damages for defective work on the building.

Mrs. Garvey has appealed from the judgment against her. The plaintiff has cross-appealed from the refusal of the court to order a foreclosure for the full amount of the claims sued on—that is, for allowing defendant's counterclaim to the extent of $650

for defective work. Because each of the adversary litigants has taken an appeal, the lumber company will be spoken of as the plaintiff and Mrs. Garvey as defendant.

█ Defendant's first contention, under an assignment general enough to cover the whole case, is that the court erred in not finding that the plaintiff was a party to the contract to remodel the house and complete the job for $2,800, the contract price. This presents a question of fact. There was abundant evidence that, before she signed the contract with Anderson, its terms, including the plans and specifications for remodeling the house, were gone over and thoroughly explained to her, and that she kept a duplicate original or copy of them. She admitted that she went over the contract and specifications with Anderson and Bryan, and said: "We talked the matter over. I looked over the specifications and the contract, then we signed the contract." (She and Anderson.)

True, she also said that she did not notice that it was a contract between herself and Anderson, and that, after she signed it, she remarked to Bryan, "Remember, Mr. Bryan, that I am dealing with the Monroe Street Lumber Company and the Monroe Street Lumber Company only." That she made any such statement was contradicted. Out of this conflict, together with other facts and circumstances, the trial judge decided against her, to the effect that her contract in this regard was with Anderson. That finding, in our opinion, is sustained by a fair preponderance of the evidence.

█ It is further claimed in this connection that, if plaintiff was not a party to the contract, it is precluded from having any recovery because of its fraudulent representation as to Anderson as a builder.

That is a charge of fraud that must be established by evidence that is clear and convincing. *Des Moines Auto Co. v. Tracy,* 158 Wash. 23, 290 Pac. 423, and cases cited. The evidence, as we view it, does not measure up to that test.

The next assignment is that the court erred in permitting the plaintiff to introduce evidence as to its method of making contracts with others than the defendant. The evidence was entirely proper in explanation of, and as bearing upon, a matter already brought out on behalf of the defendant.

The next assignment is that the court erred in sustaining an objection to an offer of proof that A. T. Anderson was not a reliable builder. But prejudice cannot be claimed therefor. In the brief on behalf of the defendant, it is said:

"It is true that there was other evidence of the inefficiency of A. T. Anderson, in fact the whole record is replete with such evidence. . . ."

The refusal to allow cumulative evidence is largely in the discretion of the trial court, which was not abused in this instance.

The cross-appeal of the plaintiff arises because of the allowance of $650 on the counterclaim for defectiveness of the contractor's work. The judgment to that effect followed the finding of the trial court as follows:

"That through the negotiations and activities of the said Walter Bryan with the said Mary V. Garvey, the plaintiff undertook to properly supervise the remodeling [of the] house by said Anderson. That by reason of the negligent manner in which the plaintiff supervised said work, the said Anderson failed to perform the work on said building in accordance with the terms of said contract, and that by reason of the failure of the plaintiff to so properly supervise said construction the defendant, Mary V. Garvey has suffered dam-

ages in the sum of $650, no part of which has been paid, and which said sum the said defendant is entitled to have offset against the claim of the plaintiff.''

Our understanding of the evidence does not justify the finding. If this finding shall prevail, it means that the plaintiff, who, as the court decided, did not have a contract to remodel the house, guaranteed, in effect, through its agent, the faithful performance of the contract of another. True, there was testimony that Bryan, for himself, told the defendant that he would assist her in seeing after the construction work while it was being performed, and the evidence shows that he did so. But the promise was personal to himself; it did not involve the plaintiff. It is true, also, that the defendant testified that Bryan promised that the plaintiff would supervise the construction, but in so testifying, what he said was linked with, and was a part of, what she claimed Bryan promised the plaintiff, as a contractor, would do in remodeling the building. But finding against her upon one feature, that is, with reference to whether or not he made a contract to remodel the building, necessarily destroys her conclusion as to the other.

There is direct evidence that Bryan did not promise or even propose that the plaintiff would supervise the construction work. He, as an agent, had no such power, actual or apparent. He was not an officer of the plaintiff corporation, but only a salesman of its lumber materials. There was no evidence whatever that the plaintiff ever engaged in the business of supervising or guaranteeing construction or other kind of work undertaken by another, nor any evidence that the plaintiff ever held itself out as being engaged in, or willing to undertake, any such business.

Our conclusion is that the judgment must be, and it is, affirmed on the defendant's appeal, and that it

should be, and is, reversed on plaintiff's appeal; and the cause remanded, with directions to the lower court to allow the total amount of plaintiff's claim, with attorney's fees and costs as mentioned in the decree appealed from, and decree its enforcement as a lien against the real estate involved.

TOLMAN, C. J., HOLCOMB, PARKER, and MILLARD, JJ., concur.