[No. 31899. *En Banc.* August 4, 1952.]

ANNA GILLETT, *Respondent,* v. JOHN E. LYDON, *Appellant.*[1]

*Christ D. Lillions,* for appellant.

*Kahin, Carmody & Horswill* and *Burton C. Waldo,* for respondent.

OLSON, J.—This appeal is from a judgment, entered upon the verdict of a jury, for the recovery of fees for treatments for cancer paid by plaintiff to defendant, a sanipractor and drugless healer. The cause was submitted to the jury solely

[1] Reported in 246 P. (2d) 1104.

upon issues pertaining to his alleged agreement to cure plaintiff.

Defendant was called as an adverse witness, and, during his examination by plaintiff's counsel, the following occurred:

"Q. Did you tell Mrs. Gillett that you would cure her carcinoma? A. I never told anyone in all my forty years of practice that I would cure them of any ailment. When they go out of my office, I don't know what they're liable to do or befall them, and I could not, in all honesty, make such a statement. Q. Did you tell Mrs. Jenny Nuihuis—I don't know how you pronounce it, N-U-I-H-U-I-S,—in 1932, that you would cure her cancer? A. Who?"

Defendant's objection that the question was an attempt to impeach the witness on a collateral issue was overruled, and the defendant answered in the negative. He was required to answer similar questions, over objection, regarding statements to a Mr. Wollan and a Mrs. Carney, which he did by saying that he did not remember Wollan and denying any such statement to Mrs. Carney.

■ The rulings upon these objections were proper. The trial court has discretion in limiting the examination of a party litigant as an adverse witness. Wide latitude should be allowed in such examination. *Miller v. Denman,* 49 Wash. 217, 95 Pac. 67 (1908). See 3 Wigmore on Evidence (3d ed.) 671, § 1006.

Plaintiff called Mr. Wollan's widow as a rebuttal witness. She was permitted to testify, over objection, that, during his treatment of Mr. Wollan for cancer in 1939, defendant had said many times, " 'You're not bad; I can cure you.' " In response to a question by his counsel, defendant later testified that he had no record in his office of the name of Wollan.

Defendant's objection presents the question of his attempted impeachment upon a collateral matter. It does not include consideration of the propriety of the foundation laid or whether or not the form of defendant's answer permits the attempted impeachment. A motion to strike the testimony of Mr. Wollan's widow was not made.

■ The answer from which the attempted contradiction or impeachment arises, was given in response to a proper question to defendant as an adverse witness. A party is not bound by and may contradict or rebut testimony given by an adverse witness. RCW 5.04.050 (*cf.* Rem. Rev. Stat., § 1229); Rule of Pleading, Practice and Procedure 42, 34A Wn. (2d) 106; *Williams v. Brockman,* 30 Wn. (2d) 734, 740, 193 P. (2d) 863 (1948).

■■ The answer given was not elicited by the question and was not responsive to it. Nor was it entirely irrelevant, at least defendant did not think it so. He must have thought there was some logical relationship between his statement and the question of his agreement with plaintiff which he sought to disprove. The voluntary enlargement of an answer to open the inquiry to matters possibly collateral, does not bar the right of attempted contradiction or impeachment, whenever it appears to the trial court that permission for such further inquiry is necessary to remove a plain and unfair prejudice which might otherwise inure from the original evidence. See 1 Wigmore on Evidence (3d ed.) 309, § 15.

The control of a voluble and overanxious party as a witness is difficult at best for both the court and counsel. Sufficient latitude should be and is lodged with the trial court, in the exercise of its discretion under the rule which we have expressed, to permit the control of such a witness to prevent him from obtaining an unfair advantage, and yet to avoid confusion of issues or misleading of the jury. Also, defendant's statement being voluntary, there was no element of surprise so that he could claim he did not anticipate the inquiry and was not prepared to meet its contradiction. Nor was the time consumed by the offered contradictory evidence long. All of these and possibly other considerations of policy should be weighed by the court in exercising its discretion. In the case at bar, there was no abuse of this discretion.

Under this rule, a party is not relegated solely to a motion to strike the voluntary unresponsive answer. If a witness chooses to make such an answer, he cannot do so secure in the knowledge that at most it will be stricken, and that he

can in no event be contradicted or impeached or, if he is, that he may obtain a new trial upon a claim of error based upon the voluntary statement he himself injected into the case, in an attempt to fortify his testimony and unfairly win the first trial.

The claims of error arising out of the failure of plaintiff to appear and testify at the trial are without merit. It was shown that plaintiff was unable to attend because of her illness. The trial court ruled that she did not refuse "to attend and testify at the trial," within the contemplation of Rule of Pleading, Practice and Procedure 42, previously cited. Defendant failed to file the affidavit required by RCW 4.44.040 (*cf.* Rem. Rev. Stat., § 322), in support of his motion for a continuance, and its denial was proper.

We have examined defendant's other assignments of error, and find them to be without merit. Upon the only issues submitted to the jury, there was sufficient evidence to sustain the verdict, and the jury was instructed properly to disregard the evidence upon the cause of action which was dismissed on plaintiff's motion at the conclusion of the testimony.

The judgment is affirmed.

SCHWELLENBACH, C. J., MALLERY, HILL, HAMLEY, DON-WORTH, and WEAVER, JJ., concur.

GRADY, J. (dissenting)—I would be able to agree with much that has been said in the majority opinion if the situation of which complaint is made occurred while appellant was being cross-examined as a witness in his own behalf. However, we must not get such a situation confused with the use of a party to an action as an adverse witness for the purpose of securing admissions or proving facts peculiarly within his own knowledge.

Counsel for respondent departed from the purpose for which appellant was called as an adverse witness. The complaint alleged that appellant had promised respondent he would cure her cancer ailment. This allegation was denied in the answer. Counsel had no reason to believe that he would get an affirmative answer when he asked appel-

lant if he told respondent he would cure her carcinoma. He got a negative answer, but it was not direct as called for by the question. He should have requested the court to strike the answer and instruct the jury to disregard it and the witness to give a direct answer. Respondent took advantage of the situation thus created and injected into the case collateral matters of a prejudicial nature under the guise of contradiction and impeachment.

The judgment should be reversed and a new trial granted.

FINLEY, J., did not participate.

October 1, 1952.   Petition for rehearing denied.