[No. 35135.    Department Two.    September 8, 1960.]

THE STATE OF WASHINGTON, *Respondent*, v. GEORGE EARL OLDHAM, *Appellant*.[1]

*Murray B. Guterson,* for appellant.

*Arnold R. Zempel* and *Russell C. Jefferson,* for respondent.

HILL, J.—This is an appeal from a conviction of the crime of attempted carnal knowledge. The assignments of error relate (1) to the trial court's refusal to permit cross-examination of the prosecuting witness concerning prior acts of sexual intercourse between herself and two of the witnesses, and (2) the trial court's permitting the prosecuting witness to testify, over objection, that one of the witnesses, in the absence of appellant, threatened her with physical violence.

The appellant, twenty-seven years of age, and three boys (two eighteen and one seventeen years of age) ac-

[1]Reported in 355 P. (2d) 9.

companied by a girl of fourteen, drove to a barn where they drank some beer which the appellant had purchased for them.

From the testimony the jury could have believed that the appellant and the three boys all had intercourse with the girl; some of them, including the appellant, more than once.

The appellant gave a statement, at the time of his arrest, acknowledging that he had had intercourse with the girl. This statement he repudiated at the trial.

The jury could also have believed the appellant's testimony and acquitted him. It could have believed part of his testimony and found that he committed overt acts designed and tending to accomplish carnal knowledge, but failed in the full accomplishment.

The appellant does not deny the sufficiency of the evidence to sustain the verdict of guilty of attempted carnal knowledge.

The girl testified that she had had intercourse at the barn on two prior occasions with different men, but said she had never been at the barn before with any of the three boys who were at the barn with the appellant on the night in question. Appellant's counsel was not permitted to ask whether she had had intercourse on other occasions with two of those boys.

The only purpose could be to attack the credibility of the prosecuting witness; her promiscuous sexual misconduct on two other occasions, with two other persons, was before the jury for whatever its affect might be. The trial judge, in limiting appellant's inquiry, was clearly within the scope of the discretion vested in him. See *State v. Linton* (1950), 36 Wn. (2d) 67, 216 P. (2d) 761.

In that case we abandoned the rule, which we had earlier adopted in such cases of granting to a defendant the "right," as we called it in *State v. Godwin* (1924), 131 Wash. 591, 230 Pac. 831, to question the prosecuting witness as to her prior sexual relationships and substituted the rule that the questioning of the prosecuting witness, in such cases, as to

her prior sexual relationships, was a matter within the discretion of the trial judge.

■ The second assignment of error relates to the prosecuting witness being permitted to testify that the first of the boys who had intercourse with her on the night in question had told her (we will assume outside of the hearing of the appellant) that "if I didn't give in to him, he would call the rest of them up there and they would strip me."

We can agree with appellant that force or threats are not elements of the crime of carnal knowledge with a female under the age of eighteen. As we said in *State v. Cummings* (1928), 148 Wash. 384, 385, 268 Pac. 1035, "the theory of the statute is that force is even presumed, the child can not give consent." And, in *State v. Roller* (1903), 30 Wash. 692, 697, 71 Pac. 718, we said,

"When it was alleged and proved that the prosecutrix was under the age of eighteen years, it was not necessary to prove force. Force is conclusively presumed, and the proof of force in such a case does not take away or add to the elements constituting the offense. . . ."

We cannot, however, agree with the appellant that admitting the statement, of which he complained, into evidence constituted prejudicial error. The only objections made to the question which elicited the response complained of, were "not proper cross-examination" and "immaterial." The argument of present counsel (who did not represent appellant at the trial) of prejudicial hearsay making appellant a part of the "gang," was not suggested to the trial court and there was no motion to strike the hearsay statement.

In the second place, the state had, on its direct examination of the prosecuting witness, developed no testimony concerning force or threats by any of the males, or resistance by the prosecuting witness. On cross-examination, the appellant made an effort to show that the prosecuting witness was a voluntary and willing "victim." Instead he elicited testimony concerning the extent and character of her resistance which covers several pages of the record. The purely collateral issues of willing cooperation or force were injected into the case by the appellant, and he cannot com-

plain that the state briefly explored the issues thus tendered on redirect.

In the third place, we fail to see any possible prejudice to the appellant. Counsel, in his brief, referring to the quoted statement by the prosecuting witness, says,

"The 'rest of them up there' means, among others, this appellant, and hence he becomes a part of the 'gang' and thus obviously guilty. And how did he become a part of the 'gang'—by the court permitting the introduction of irrelevant inquiry which was answered by hearsay response. Such is patently erroneous."

Her challenged statement could not have made appellant any more a part of the "gang" than the unchallenged testimony, including his own. He became a part of the gang when he: took the three boys and the prosecuting witness for a ride in his car, bought half a case of beer for them at a tavern, went with them to the barn, followed the procedure of the three boys in going where the prosecuting witness was lying on the hay. Even in his own testimony, he was no Galahad going to the aid of a damsel in distress.

If there was error, the present claim thereof was not brought to the attention of the trial court; it was invited; and there was no prejudice.

The judgment is affirmed.

FINLEY, ROSELLINI, FOSTER, and HUNTER, JJ., concur.