[Nos. 35558, 35559.    Department One.    April 6, 1961.]

THE STATE OF WASHINGTON, *Respondent*, v. GARLEY KING, *Appellant*.

THE STATE OF WASHINGTON, *Respondent*, v. RICHARD WORKMAN, *Appellant*.*

*Max Kosher* and *Victor Haglund,* for appellants.

*Charles C. Schmidt, Warren W. Russell,* and *Stanley K. Bruhn,* for respondent.

ROSELLINI, J.—The appellants and two other young men were charged with the crime of carnal knowledge, and the appellants and one of the others were found guilty by the jury. Their single assignment of error concerns the admission of certain testimony by a doctor who examined the complaining witness three days after the alleged occurrence.

Over the objections of the appellants, the doctor was permitted to testify concerning statements made to him by the prosecuting witness, who was a girl thirteen years of age. The doctor explained that before he would undertake a pelvic examination of a girl that age, he had to

*Reported in 360 P. (2d) 757.

know the reason why it was requested. Consequently, he asked her whether or not intercourse had taken place. When asked what her answer was, he said:

"Well, this story, in brief, was that the patient said that she was in an automobile with several boys on the night of the 23rd, my examination having taken place on the 26th, and that an episode which appeared to me to suggest intercourse had taken place, and that is the extent of what I had to find out to go further with my examination."

It is the appellants' contention that the doctor, in this statement, revealed details of a narrative given to him by the prosecuting witness, and that such details are hearsay and are inadmissible. They concede the rule to be, in cases of rape and other similar crimes, that a witness may testify that the victim made complaint at the earliest opportunity, and they also concede that the prosecuting witness's admission to the doctor was in the nature of a complaint. They do not challenge the propriety of allowing the doctor to testify to the fact that there was a complaint, but they contend that it was error to permit him to repeat the details of the girl's statement.

█ The rule is that evidence of complaints made by the female is restricted to the bare complaint, unless the statement is strictly a part of the *res gestae*. *State v. Smith,* 3 Wn. (2d) 543, 101 P. (2d) 298. If this rule applies, it was error to permit the doctor to testify to anything more than the fact of the complaint.

█ The respondent urges, however, that if there was error, it had been invited by the appellants when their counsel, in cross-examining the prosecuting witness previously, had asked her what she had told the doctor and that, since the appellants injected the issue into the case, they cannot be heard to complain if the respondent explored it further. This is in accord with the well-settled rule. *State v. Oldham,* 56 Wn. (2d) 696, 355 P. (2d) 9; *Monroe Street Lbr. Co. v. Garvey,* 171 Wash. 181, 17 P. (2d) 904; *Cook v. Hensler,* 57 Wash. 392, 107 Pac. 178. The record reveals that the subject was indeed opened up by the appellants' counsel. Un-

der the authorities cited, they are precluded from alleging the error in this court.

The judgments are affirmed.

FINLEY, C. J., HILL, WEAVER, and FOSTER, JJ., concur.