[No. 36455.   Department One.   August 1, 1963.]

THE STATE OF WASHINGTON, *Respondent*, v. RAYMOND RUSSELL *et al.*, *Appellants.*\*

\*Reported in 384 P. (2d) 334.

*Selander, Clark, Leavitt & Chantry*, for appellants.

*Charles O. Carroll, David R. La Rose*, and *Jerry A. Sovereign*, for respondent.

HILL, J.—The defendant, Raymond Glenn Russell, appeals from a judgment entered on a verdict of guilty of second-degree burglary and of grand larceny. Both charges arose out of the same transaction, and there is no claim that the evidence is not sufficient to sustain the convictions. Each assignment of error relates to the trial court's refusal to grant a mistrial because of testimony by the state's witness, Judy Ann Dreher.

There were three alleged participants in the actual burglary, and Russell's alleged complicity is predicated upon the state's claim that he assisted in planning the crime and agreed to purchase some of the loot. One of the participants testified for the state, one was unavailable for trial; and Russell and Terry Marie Tully, one of the alleged participants, were the defendants who went to trial.

The position of the defense was that the witness Dreher was Russell's "jilted paramour," and that her testimony epitomized the truth of Congreve's perspicacious phrase:

"Heaven has no rage like love to hatred turned,
"Nor hell a fury like a woman scorned."

The first motion for a mistrial was prompted by her statement, on direct examination, that Russell offered her $40 to leave town so she would not be available as a witness.

Trial counsel moved for a new trial, stating:

". . . this has already been tried out. Mr. Russell was charged with tampering with a witness and acquitted in justice court on this same testimony. I think it's prejudicial here."

After hearing counsel further, in the absence of the jury, the trial court denied the mistrial stating:

"Normally, of course, a defendant is tried only upon the charges made against him and the issue before the court.

Other crimes unrelated are almost universally considered as prejudicial. However, the remark which the witness Dreher states the Defendant Russell made, 'He offered to give me forty dollars if I would leave town,' was made allegedly in connection with the crime here charged and is certainly relevant, it seems to me, if it were stated to the issue of criminal intent, a necessary element of the crimes charged.

"I can see that it is prejudicial but admissible. I will deny the motion, but exception allowed."

■ The trial court ruled correctly. Although the general rule is that evidence of an offense wholly independent of the one charged is inadmissible, there are a number of well-established exceptions. As we stated in *State v. Dinges* (1956), 48 Wn. (2d) 152, 154, 292 P. (2d) 361, 362, the test of admissibility is whether the evidence of another criminal offense is relevant and necessary to prove an essential ingredient of the crime charged.

■ Evidence of an attempt to bribe a witness is admissible as a circumstance showing a consciousness of guilt. *State v. Lew* (1946), 26 Wn. (2d) 394, 174 P. (2d) 291; *Barcott v. United States* (C.A. 9th 1948), 169 F. (2d) 929; 20 Am. Jur. Evidence §§ 284, 288 (1939).

■ The fact of acquittal of the criminal offense of which evidence is offered, does not affect its admissibility but goes only to its weight. *People v. Simms* (1956), 144 Cal. App. (2d) 189, 300 P. (2d) 898; *People v. Raleigh*[1] (1948), 83 Cal. App. (2d) 435, 189 P. (2d) 70; 1 Wharton, Criminal Evidence § 246 (12th ed. 1955).

Russell, in his brief, concedes that the preponderance of authority supports the admissibility of the questioned testimony, but contends that a contrary result was reached in *United States v. Haynes* (W.D. Pa. 1948), 81 F. Supp. 63, and urges that we adopt the rule as stated therein.

We do not find the *Haynes* case to be apropos. An issue in that case was the rule to be applied to impeachment of a defendant for the purpose of affecting credibility. We have consistently held a conviction of a crime is the only

[1]This case contains an exceptionally good statement of the rationale of this holding.

thing that is pertinent, and arrests, charges, and accusations are not admissible for that purpose. *State v. Emerson* (1958), 53 Wn. (2d) 319, 333 P. (2d) 665.

While the ruling of the trial court on the motion for mistrial was entirely proper at the time it was made, it should be noted that on cross-examination the witness Dreher completely repudiated her testimony on direct examination and admitted that she had asked Russell for $40 to go to California, in an attempt to get him to make such an offer. A motion to strike her testimony to the contrary on direct, or to instruct the jury to disregard it, might well have been granted. Counsel did not make such a motion, probably feeling that her testimony on that issue had been completely discredited.

The second motion for a mistrial was based on the testimony of the same witness: That the defendant had stolen goods in his possession, having reference to articles other than those secured in the burglary. The witness was being cross-examined by counsel (Mr. Irving C. Paul, Jr.) for the defendant Tulley, and the following occurred:

"Q. You didn't have any knowledge or you don't have any knowledge now about the purchase of any stolen goods, do you? A. Yes, I do. He told me they were 'hot.' Q. Well, what was hot? A. He had a camera with nine hundred dollars. He had a vacuum cleaner. Mrs. Tully and Beaver brought in just to hold for them overnight. I distinctly heard them saying it was hot. MR. OPENDACK: Your Honor, I am not objecting to Mr. Paul's examination. I thought for a while—this is the second time stolen goods came in. I thought it referred to the particular burglary we are talking about. Now, I am wondering if she is talking about other stolen goods. A. I am sorry. I thought that is what he was referring to."

In response to the motion for a mistrial, made on behalf of Russell, the trial court said:

"The only thing before me is a motion by Mr. Opendack to declare a mistrial because stolen properties other than that claimed to be stolen from the Silvermans on the date in question has been mentioned by the witness.

"In the last instance by cross-examination on the part of counsel for the defendant Tully, counsel's question was

proper. I believe the answer of the witness was pertinent to the inquiry.

"The only way I know if there has been prejudice to correct it would be by an appropriate instruction. The state's evidence is not all in. I have no way of knowing whether a vacuum cleaner and camera in question, to which the witness alluded, are within the described property stolen from the Silverman residence or not.

"I will deny the motion for a mistrial. Exception allowed. If counsel wishes an instruction upon it, I will certainly consider it. Bring in the jury."

■ We agree with the reasoning of the trial court. The information referred only to the taking of "certain personal property of a value in excess of $75.00, in lawful money of the United States." At the point in the proceedings when the motion for mistrial was made, the state's evidence was not all in; Mrs. Esther Silverman, whose home had been burglarized, had testified that two cameras and several hundred dollars were among the things taken.

It was impossible for the court to forecast what was ahead. The motion for mistrial was properly denied at the time when it was made. It was not renewed at the conclusion of the state's case. Counsel were advised that an appropriate instruction would be considered. The record does not show that any instruction to disregard this testimony was ever requested.

We affirm the rulings of the trial court to which error has been assigned. Judgment affirmed.

OTT, C. J., ROSELLINI, HUNTER, and HALE, JJ., concur.

———————

September 20, 1963. Petition for rehearing denied.