[No. 3769-II. Division Two. November 14, 1980.]

THE STATE OF WASHINGTON, *Respondent,* v. NORMAN DEAN TARMAN, *Appellant.*

*Carl D. Teitge,* for appellant.

*Don Herron, Prosecuting Attorney,* and *Joseph D. Mladinov, Senior Deputy,* for respondent.

REED, C.J.—In the evening of March 21, 1978, defendant Norman Dean Tarman became involved in a fight with a Pierce County sheriff's deputy who was attempting to arrest him for driving while intoxicated and for refusing to give information to or cooperate with a police officer. Defendant was acquitted in Eatonville District Court of the charge of driving while intoxicated, but was convicted of the other charge. As a result of the fight, defendant also was convicted in Superior Court of third degree assault. He appeals, contending it was error for the Superior Court to exclude evidence of his district court acquittal. We affirm.

On direct examination in Superior Court, Deputy Wiemer testified that when he first encountered defendant that evening he could smell alcohol on defendant's breath and that defendant was unsteady on his feet. The deputy further stated that he had arrested defendant "for failing to obey a police officer and drunk driving," and without objection that he later filed charges for those offenses.

On cross–examination, defense counsel attempted to elicit from the deputy that defendant had been acquitted of driving while intoxicated. The prosecutor objected on relevancy grounds and the objection was sustained.

■ Defendant argues that such testimony was necessary to rebut prejudicial evidence of intoxication introduced by the State. We do not find this argument convincing. Any evidence of defendant's intoxicated condition was relevant to the charge of third degree assault to the extent that it would demonstrate whether Deputy Wiemer had probable cause to stop defendant, and therefore whether the arrest defendant resisted was lawful. While evidence of acquittal of the drunk driving charge may have had *some* probative value on the issue of probable cause, we agree with the trial court that its limited probative value was outweighed by potential confusion of issues and misleading of the jury. *See* 4 J. Weinstein & M. Berger, *Evidence* ¶ 803(22)[01], at 803–280 (1979). Under the circumstances of this case, proof that a trier of fact in another trial failed to find beyond a reasonable doubt that defendant was guilty of drunk driving is not sufficiently relevant and does not constitute proper rebuttal evidence.[1]

No previous reported Washington case has addressed this precise issue. The only Washington case dealing with a related problem is *State v. Russell*, 62 Wn.2d 635, 384 P.2d 334 (1963), in which the defendant argued that evidence of tampering with a prosecution witness was inadmissible at trial because of his previous acquittal of that charge.[2] The court stated its holding in the following language:

---

[1] Evidence such as testimony of witnesses who observed defendant that evening or physical evidence of sobriety would have been more probative of whether probable cause existed to arrest defendant for drunk driving.

[2] In support of his argument that the State's introduction of evidence of intoxication was improper, defendant cites *State v. Lindsey*, 27 Wn.2d 186, 177 P.2d 387 (1947), and *State v. Kimbriel*, 8 Wn. App. 859, 510 P.2d 255 (1973). Neither case is apposite, however, because in each the sole reason for the other crimes evidence was to impeach the credibility of the defendant. *See State v. Russell*, 62

> The fact of acquittal of the criminal offense of which evidence is offered, does not affect its admissibility but goes only to its weight.

*State v. Russell, supra* at 637. Although this statement might inferentially support the view that proof of acquittal is always admissible, *see* Annot., 86 A.L.R. 1132, 1144 (1962), we do not believe our Supreme Court intended to resolve that question or to adopt such an inflexible rule. Instead, we read *Russell* to merely state the rule that prior acquittal of an independent crime does not automatically make evidence of that crime inadmissible. We therefore look to decisions in other jurisdictions for guidance on the question before us.

We believe *Nordgren v. United States,* 181 F.2d 718 (9th Cir. 1950), presents a situation closely analogous to the instant case. In *Nordgren* the defendant was tried for bribing a wildlife patrol officer to refrain from reporting that the defendant had fished illegally for salmon in a closed area. Prior to the bribery prosecution, the defendant had been acquitted of the illegal fishing charge. During the bribery trial, the defendant unsuccessfully sought to introduce evidence of the acquittal for the purpose of contradicting the testimony and impeaching the credibility of the wildlife officer. In affirming the district court's ruling, the circuit court concluded that the evidence of acquittal was "not only without real worth but its admission would have a positive tendency to confuse or mislead the jury." *Nordgren v. United States, supra* at 721. *See State v. Roy,* 173 Conn. 35, 376 A.2d 391, 398 (1977); *State v. Blyden,* 165 Conn. 522, 531, 338 A.2d 484, 489 (1973); *State v. Hoffman,* 257 S.C. 461, 186 S.E.2d 421, 426 (1972)(following *Nordgren*).

We are aware that courts in several jurisdictions have held that where proof of another offense has been introduced by the State, the defendant must be permitted to

---

Wn.2d 635, 637–38, 384 P.2d 334 (1963). *Compare* ER 404(b) *with* ER 608(b) *and* ER 609.

prove his prior acquittal of that offense. *Ex parte Bayne,* 375 So. 2d 1239 (Ala. 1979); *Mitchell v. State,* 140 Ala. 118, 37 So. 76 (1904); *People v. Griffin,* 66 Cal. 2d 459, 426 P.2d 507, 58 Cal. Rptr. 107 (1967); *State v. Leahy,* 243 Iowa 959, 967, 54 N.W.2d 447, 452 (1952); *State v. Pierson,* 204 Iowa 837, 216 N.W. 43 (1927); *Nolan v. State,* 213 Md. 298, 131 A.2d 851 (1957); *Womble v. State,* 8 Md. App. 119, 258 A.2d 786 (1969); *State v. Millard,* 242 S.W. 923 (Mo. 1922); *State v. Hopkins,* 68 Mont. 504, 219 P. 1106 (1923); *Koenigstein v. State,* 101 Neb. 229, 162 N.W. 879 (1917); *State v. Calloway,* 268 N.C. 359, 150 S.E.2d 517 (1966); *State v. Smith,* 271 Ore. 294, 532 P.2d 9 (1975); *Ivey v. State,* 43 Tex. 425, 431 (1875). *Contra, McCartney v. State,* 3 Ind. 353, 354 (1852) (dictum); *State v. Norman,* 135 Iowa 483, 487, 113 N.W. 340 (1907); *State v. Schlue,* 129 N.J. Super. 351, 323 A.2d 549 (1974); *State v. Heaton,* 56 N.D. 357, 217 N.W. 531 (1927); *Patterson v. State,* 96 Ohio St. 90, 117 N.E. 169 (1917). *See generally* Annot., 86 A.L.R.2d 1132 (1962). These cases, however, are distinguishable from the one before us. Each involved the State's introduction of evidence connecting the defendant to *other* independent crimes that were similar to the crime for which the defendant was being tried. In such circumstances, there is great danger that the jury will give excessive weight to the other crimes evidence in reaching a finding of guilt or innocence, due to the inevitable tendency of such evidence to convince the jury of the defendant's propensity to commit that particular crime. In addition, evidence of particularly reprehensible independent crimes may tempt a jury to conclude that the defendant deserves punishment irrespective of his guilt or innocence of the charged offense. 2 J. Wigmore, *Evidence* §§ 305, 306 (rev. ed. 1979). Although the danger that other crimes evidence might be misused may not justify its exclusion at trial,[3] the risk of misuse may weigh in

---

[3]Doubt about whether the other crime occurred and unnecessary delay and confusion that can arise when such a subsidiary issue is contested, *see Dandridge v. State,* 109 Ga. App. 33, 134 S.E.2d 814 (1964), have led some courts to routinely

favor of admission of acquittal evidence to remove any implication that the defendant has been convicted of the other crime, an implication that might not be removed by cautionary jury instructions.

The instant case is quite different, however. Here, Mr. Tarman's misconduct was not merely intimately related to, but formed an inseparable part of, the entire episode. It would have been virtually impossible for the State to present its case without bringing in the totality of circumstances leading to the attempted arrest and ensuing assault. E. Cleary, *McCormick's Evidence* § 190 (2d ed. 1972); 1 J. Wigmore, *Evidence* § 218 (3d ed. 1940); 2 J. Weinstein & M. Berger, *Evidence* ¶ 404[10] (1980). This was no attempt by the State either to impugn defendant's general character or to show a propensity for assault by introducing evidence of *independent* criminal conduct. With all the facts surrounding the arrest before the jury, evidence of acquittal on the drunk driving charge would have little, if any, probative value. Nor would evidence of acquittal be necessary to combat the dangers to which we have alluded when the evidence concerns independent criminal acts. For these reasons, had the State limited its evidence to the grounds for arrest, we are satisfied the trial judge would not have abused his discretion in keeping the fact of acquittal from the jury.

An additional problem arises, however, because the State also elicited the irrelevant fact that charges were filed. The question thus becomes whether by "opening the door" the State is precluded from keeping out the additional irrelevant fact of acquittal. In the particular setting of this case, we think it was not.

---

exclude other crimes evidence if the defendant has been acquitted. *See, e.g., State v. Little,* 87 Ariz. 295, 350 P.2d 756 (1960). Washington does not follow this rule, however, *State v. Russell,* 62 Wn.2d 635, 637, 384 P.2d 334 (1963) (acquittal does not affect admissibility of other crimes evidence but goes only to its weight), and in some instances the facts of the two crimes may be so intimately related that the charged crime cannot be proved without tending to establish the other crime. *See, e.g., State v. Millard,* 242 S.W. 923 (Mo. 1922).

■ One eminent authority, under the heading Curative Admissibility, lists three basic approaches to this problem which the courts have taken:

(1) . . . *the admission of an inadmissible fact, without objection by the opponent, does not justify the opponent in rebutting by other inadmissible facts:*

(2) . . . the *opponent may resort to similar inadmissible evidence:*

(3) . . . the opponent may reply with similar evidence *whenever it is needed for removing an unfair prejudice which might otherwise have ensued from the original evidence,* but in no other case.

1 J. Wigmore, *Evidence* § 15 (3d ed. 1940). *See also* E. Cleary, *McCormick's Evidence, supra* at § 57.

In Washington the early case of *Dutcher v. Howard,* 15 Wash. 693, 696, 47 P. 28 (1896), held that a party "had a right to re-examine as to the [inadmissible] evidence elicited" by his opponent. Although many later decisions have dealt with the issue in one form or another, none has relied upon the hard and fast rule of *Dutcher.* Rather, our courts recognize the element of trial court discretion in such matters.[4]

So, too, in the instant case, we believe the decision as to whether to permit evidence of acquittal was a matter for

---

[4]The following Washington cases have upheld the trial court's admission of otherwise irrelevant evidence, where the objecting party first "opened the door." *Nordstrom v. White Metal Rolling & Stamping Corp.,* 75 Wn.2d 629, 642, 453 P.2d 619 (1969); *Warren v. Hart,* 71 Wn.2d 512, 516, 429 P.2d 873 (1967); *State v. Robinson,* 61 Wn.2d 107, 109, 377 P.2d 248 (1962); *State v. King,* 58 Wn.2d 77, 78, 360 P.2d 757 (1961); *Short v. Hoge,* 58 Wn.2d 50, 54, 360 P.2d 565 (1961); *State v. Oldham,* 56 Wn.2d 696, 698–99, 355 P.2d 9 (1960); *Sullivan v. Dunn,* 46 Wn.2d 255, 257, 280 P.2d 668 (1955); *State v. Emmanuel,* 42 Wn.2d 1, 12, 253 P.2d 386 (1953); *Gillett v. Lydon,* 40 Wn.2d 915, 917, 246 P.2d 1104 (1952); *Luther v. West Side Tel. Co.,* 134 Wash. 410, 414, 235 P. 783 (1925); *Ott v. Press Publishing Co.,* 40 Wash. 308, 314, 82 P. 403 (1905); *Larson v. Pischell,* 13 Wn. App. 576, 580, 535 P.2d 833 (1975); *Dravo Corp. v. L.W. Moses Co.,* 6 Wn. App. 74, 87, 492 P.2d 1058 (1971).

In the following cases, the appellate court upheld the trial court's ruling in refusing to admit evidence admissible only to counter evidence admitted without objection by the other side. *Haysom v. Coleman Lantern Co.,* 89 Wn.2d 474, 485–86, 573 P.2d 785 (1978); *Seattle v. Smythe,* 97 Wash. 351, 356, 166 P. 1150 (1917).

the sound discretion of the trial judge. We are convinced that discretion was not abused. We see no "plain and unfair prejudice" to the defendant from the proof the deputy "filed" a charge. *Gillett v. Lydon,* 40 Wn.2d 915, 917, 246 P.2d 1104 (1952). The officer had already testified to defendant's conduct in detail, that he had placed him under arrest, and that defendant had been taken to the station house for "booking." If the additional fact that charges were filed gave rise to any inference defendant was later convicted, it would be slight to say the least. The sole issue was whether the officer had probable cause to arrest. As the able trial judge observed, evidence of the acquittal would have merely taken the jury down a side track, thus tending to confuse and mislead them on the crucial issue. We conclude defendant's offer to prove he had been acquitted of the driving while intoxicated charge was properly rejected.

■ As his second assignment of error, defendant contends for the first time on appeal that certain questions and comments by the prosecutor concerning defendant's previous testimony constituted prejudicial prosecutorial misconduct requiring a new trial. During cross–examination of defendant, the following interchange occurred.

Q Now, after the fight was all over with, you were handcuffed, placed in a patrol car, is that your testimony that the officer let you out of the patrol car to look for your wallet?

A No, they did not let me out and I didn't testify to that.

Q You didn't, I'm sorry. *That's not what I heard.* Now, had you had anything to drink this day?

[Defense counsel]: Objection.[5]

[The Court]: Overruled.

A Yes, I had two cans of beer in a period of two hours.

---

[5]This testimony took place after the trial court thwarted defendant's attempt to introduce his acquittal on the drunk driving charge. A review of the entire transcript unquestionably indicates that trial counsel's objection was directed to the question concerning intoxication, not to the comment on defendant's previous testimony.

Q Didn't you, in fact, have a six–pack?
A No, I did not.
Q Do you recall being up in the courtroom at Eatonville when the other parts of this matter were tried?
A That's correct, I do recall.
Q *Do you recall testifying that, in fact, you had a six-pack that you drank between where you left work and on the way home?*
A I did not testify to that in Eatonville.
[Prosecutor]: I have no other questions, Your Honor.

(Italics ours.) Washington appellate courts repeatedly have held that the the trial court must be given an opportunity to correct trial errors, and that claimed errors not raised in any manner before the trial court will not be considered on appeal. An exception to this general rule is made only when prosecutorial misconduct is so flagrant that no instruction could cure it. *State v. Basford,* 76 Wn.2d 522, 457 P.2d 1010 (1969); *State v. Beard,* 74 Wn.2d 335, 444 P.2d 651 (1968); *State v. Jacobsen,* 74 Wn.2d 36, 442 P.2d 629 (1968); *State v. Huson,* 73 Wn.2d 660, 440 P.2d 192 (1968); *State v. Badda,* 68 Wn.2d 50, 411 P.2d 411 (1966); *State v. Sluder,* 11 Wn. App. 8, 521 P.2d 971 (1974). Assuming the prosecutor's reference to the Eatonville District Court trial was improper, defendant interposed no objection and sought no relief from the court. In the absence of objection, the impropriety, if any, was not so flagrant as to deprive defendant of a fair trial or require reversal.

Judgment affirmed.

PEARSON and PETRIE, JJ., concur.