[No. 34266.  Department Two.  December 19, 1957.]

DOROTHY RILEY, *Respondent*, v. THE DEPARTMENT OF LABOR AND INDUSTRIES, *Defendant*, BOEING AIRPLANE COMPANY, *Appellant*.[1]

*Holman, Mickelwait, Marion, Black & Perkins, Fred S. Merritt*, and *Richard E. Walker*, for appellant.

*Allen & Carey*, for respondent.

[1]Reported in 319 P. (2d) 549.

DONWORTH, J.—This is an appeal from an order granting a new trial after the jury had returned a verdict, in favor of appellant-employer, reversing a decision of the board of industrial insurance appeals.

Respondent sustained an industrial injury to her right arm and wrist in March of 1944. Her timely claim for compensation was allowed. In December, 1944, an award for permanent partial disability was made by the department and her claim was closed.

Thereafter, respondent's claim was reopened, and again closed August 8, 1946, with an increased award for permanent partial disability. The claim was reopened and closed on two subsequent occasions, the date of the last closing order being February 21, 1950, when time-loss compensation was paid but no increase in permanent partial disability was allowed. Respondent appealed to the board from the closing order last mentioned.

The gist of respondent's claim for an additional award is set out in the following findings of the board:

"3. As a result of the injury of March 18, 1944, superimposed upon her pre-existing, non-disabling, hysterical and neurotic tendencies the claimant developed a disabling hysteria or neurosis.

"4. The claimant's hysterical or neurotic condition resulting from her injury of March 18, 1944, worsened between August 8, 1946, and February 21, 1950, to the point that by the latter date she was totally unable to engage in a gainful occupation as the result of that condition. The claimant's hysterical or neurotic condition is permanent in nature."

The board ordered the claim remanded to the department with directions that it be reopened and respondent be classified as totally and permanently disabled. This decision meant that respondent would receive a pension for life, but would not be entitled to receive medical treatment at the expense of the accident fund. Appellant (the employer), feeling aggrieved at the board's decision and order, appealed to the superior court for King county. A trial was had before a jury, which resulted in a verdict for the employer. Thereafter, the superior court granted respondent's

motion for a new trial because of misconduct of appellant's counsel in his arguments to the jury under the circumstances described in the court's order, which is quoted below. The employer has appealed to this court from that order.

The sole issue presented for the determination of the jury was stated by the trial court in its instructions, as follows:

"Was the Board of Industrial Insurance Appeals correct in remanding the Supervisor's order of February 21, 1950, and modifying it by remanding it to the Department of Labor and Industries with the direction that the claim be reopened and the claimant classified as a totally and permanently disabled workman?

"In determining this, you must determine whether or not the condition of the claimant, Dorothy Riley, proximately resulting from an industrial injury of March 18, 1944, increased or became aggravated between August 8, 1946, and February 21, 1950, to the extent that on the second date the claimant was totally and permanently disabled."

The jury answered this question in the negative. The court, in its order, gave the following reasons for granting a new trial:

". . . the Court . . . finds that during the argument for the employer, that counsel for the employer made prejudicial statements to the Jury regarding treatment for the claimant; that these statements according to three affidavits on file gravely influenced the jurors in their decision and verdict; that the statements, although made in the best of faith by the employer's counsel and with the honest belief that claimant was entitled to further medical treatment, but that in truth and in fact she is not entitled to said further treatment as a matter of law and her rights are barred by the statute of limitations and any further treatment accorded to her would be purely and solely discretionary with the Director of the Department of Labor and Industries of the State of Washington and not his legal obligation; that the Court further finds that these statements were made in good faith but highly prejudicial to the jurors and constituted prejudicial legal error and misconduct of counsel; . . ."

The only question before us is whether the trial court

abused its discretion in granting respondent's motion for a new trial on the grounds stated above.

The statements made by appellant's counsel during his argument to the jury which the trial court held were prejudicial and constituted misconduct consisted of the following:

"If this lady is held by you to be permanently and totally disabled, what does it mean? It means that she will be a pensioner for the rest of her life so long as that condition continues. I sincerely do not feel that that is the remedy for her problem. I really do not. Because under the law, under the Workmen's Compensation Law, if you receive a pension you cannot go out and continuously engage in gainful occupation. Surely, you can do little things, there is no question about that, I don't question that at all under the Court's instruction, but she cannot go out and become gainfully employed in a continuous occupation. Now, maybe that will become necessary, I do not know, I do not know what the status of the home life is, I have no idea, but I can hardly feel in my own mind that the right thing to do in this case is to award her a pension which has attached to it the conditions that she must sit in a chair and not occupy herself in some field of endeavor and I would say to be gainfully employed."

Again, in his rebuttal argument, appellant's counsel made further reference to this same subject, saying:

"Now, the other matter that I want to comment on is this, I think that he [respondent's counsel] said that I considered the Board's decision cruel, in that it would turn the claimant loose. I don't think I said that. I certainly didn't mean to say it. I do want to stress that what the Board's decision does, it provides that she is classified as totally and permanently disabled, a pensioner, under the Workman's Compensation Act of this State. And as I said, once declared to be totally and permanently disabled, she cannot engage in any gainful occupation or she is removed from the pension rolls. It is my feeling, it is my sincere belief, that that is not the way to handle the disposition of this case and I repeat it: *To uphold the Board's decision would simply mean that she is through, any further treatment that she may need or desire, she could not have at the expense of the Medical Aid fund, that would be entirely at her expense. It is my sincere feeling that the thing to do is to decide with the appeal of the employer that the decision of the Board*

*was not correct, that it should go back to the Court [sic], and that is her right, and there apply for such aid and such medical treatment as obviously from her own statements she has desired at all times."* (Italics ours.)

It is conceded by respondent (and was stated by the trial court) that the above-quoted arguments were made by appellant's counsel in good faith. We wish it to be understood that nothing said in this opinion is intended as reflecting in any way on counsel's integrity or as implying any professional criticism of him.

Appellant makes two principal contentions in support of its position that it was error to grant respondent's motion for new trial:

(1) That the statements made by appellant's counsel to the jury to the effect that respondent, if denied a pension, had a right to receive further medical treatment upon application to the department to reopen her claim for aggravation under RCW 51.32.160, were correct statements of the law. (Respondent argued to the trial court that respondent was barred from asserting such claim because of the five-year limitation in the above-cited statute.)

(2) That, since respondent took no exception to the statements of appellant's counsel at the time the arguments to the jury were made and failed to then ask the trial court to instruct the jury to disregard them, the alleged misconduct during argument, if any, was waived by respondent, and it was thereafter too late to complain.

With regard to the first contention, we do not think it is necessary to decide whether or not the five-year statute of limitations had run against respondent's right to receive further medical treatment from the department. As we view the situation, at the time the arguments were made the question was immaterial. The trial court had instructed the jury that the only issue for them to decide was whether the board's decision was correct, and, in so doing, the jury was told to determine whether respondent's condition had become aggravated between certain dates to the extent that on the second date she was totally and permanently disabled.

The arguments made by appellant's counsel (which are referred to in the trial court's order granting the new trial) introduced into the case a new issue which was entirely foreign to that submitted to the jury. In effect, the argument was that respondent would be better off if she were denied a pension than if she were to receive one. Whether or not it would be more to her advantage to remain eligible for further medical treatment (assuming that it was still available to her) than to become a pensioner was not an issue in the case. For that reason, the argument of appellant's counsel was improper.

We now consider appellant's second contention, *i.e.*, that, not having objected to the court during the argument, or at least prior to the submission of the case to the jury, respondent waived any right to contend that the alleged misconduct of counsel constituted prejudicial error requiring a new trial.

Respondent, in her brief, states her reason for failing to object before moving for a new trial as follows:

" . . . To have made an objection or requested an instruction would have only called the attention all the more to appellant's argument under the circumstances that existed at the time of this particular trial. . . ."

This case differs from *Cranford v. O'Shea*, 75 Wash. 33, 134 Pac. 486 (1913), and *McUne v. Fuqua*, 42 Wn. (2d) 65, 253 P. (2d) 632 (1953), because in each of those cases the misconduct of counsel consisted of making an uncalled-for inflammatory remark in the course of his argument to the jury. In the present case, the insidious effect on the jury, resulting from the injection of an ingenious but immaterial argument, was not so readily apparent. By the time the rebuttal argument was made in which appellant's counsel was urging the jury to bring in a verdict adverse to respondent, because such a result would be more beneficial to her than a verdict in her favor, it was then too late to eradicate the effect of the argument on the minds of the jury. We do not think that an objection by respondent and request for an instruction to disregard appellant's entire argument on this

immaterial subject would have been effective at that point.

In the light of the matters considered by the trial court on the motion for new trial, it is quite apparent that the court was entirely justified in finding that the verdict for appellant was caused by this immaterial argument of counsel. Neither the trial court nor either counsel anticipated the effectiveness of those remarks at the time they were being made. However, when the trial court heard the presentation made in support of respondent's motion for new trial, it was then in a position to appraise the effectiveness of the argument and to understand its impact upon the jury's deliberations.

We have many times stated the rule that the granting or denying of a motion for new trial is discretionary with the trial court and that we will not interfere with its ruling on such a motion unless it can be said that there was an abuse of discretion. *Rettinger v. Bresnahan*, 42 Wn. (2d) 631, 257 P. (2d) 633 (1953). We have also held that a much stronger showing of an abuse of discretion will ordinarily be required in a case where a new trial is granted than where it is denied. *Bystrom v. Purkey*, 2 Wn. (2d) 67, 97 P. (2d) 158 (1939).

Under the unusual circumstances existing in this case, we are unable to say that the trial court abused its discretion in ordering a new trial.

At the hearing before this court, respondent, conceding that her brief was not timely filed, waived the recovery of costs for the printing thereof. Hence, this item must be disallowed as a part of respondent's taxable costs recoverable herein.

The order appealed from is affirmed.

HILL, C. J., ROSELLINI, OTT, and FOSTER, JJ., concur.