[No. 34393.   Department One.   August 7, 1958.]

DONALD W. NELSON et al., *Respondents*, v. M. B. MARTINSON
et al., *Appellants.*[1]

[1]Reported in 328 P. (2d) 703.

*Rode, Cook, Watkins & Orth* and *Hoyt M. Wilbanks, Jr.*, for appellants.

*Abrams, McCush & Rinker,* for respondents.

HUNTER, J.—This is an appeal from an order granting the plaintiffs Donald W. Nelson and wife a new trial after a jury returned a verdict in favor of the defendants. Although his wife was joined as a party defendant, M. B. Martinson will be referred to herein as though he were the sole defendant (appellant).

On October 17, 1954, at approximately 1:40 a. m., the automobile in which the plaintiffs were riding collided with a cow on a public highway in Whatcom county, Washington. Thereafter, the plaintiffs instituted this action against the defendant, the owner of the cow, to recover damages for personal injuries allegedly sustained by them in the collision. In their complaint, they alleged that they were riding in an automobile being driven by one Willis K. Ray and that the collision which occurred was caused by the negligence of the defendant in permitting his cow to run at large upon the public highway in violation of the law.

The defendant, in his amended answer and cross-complaint, admitted the collision and the ownership of the cow, but denied negligence. By way of affirmative defense, he alleged the plaintiffs were guilty of contributory negligence. In his cross-complaint, he asked damages in the amount of eight hundred dollars for the loss of his cow.

686

During the trial, the evidence revealed that the defendant and his son left their pasture by way of a gate between five and six o'clock p. m. the evening preceding the collision. The defendant testified *that the gate was "locked"* but he did admit, while testifying as an adverse witness for the plaintiffs, that, on the evening in question, he could not recall specifically whether it was he or his son who *actually* closed and latched the gate. He testified further that about forty-five minutes after the collision he found the gate to the pasture open but undamaged. It was established that the latch was on the outside of the gate, away from the pasture and, therefore, could not have been opened by any animals kept in the pasture. There was no evidence introduced that anyone other than the defendant and his son had gone through the gate the evening preceding the accident.

At the close of the defendant's evidence, plaintiffs' motion to dismiss defendant's cross-complaint and affirmative defense was granted. The only questions submitted to the jury under the trial court's instructions were: (1) whether the defendant was negligent; (2) whether such negligence was the proximate cause of the collision; (3) the amount of the plaintiffs' damages, in the event that the first two questions were answered in the affirmative.

The jury returned a verdict for the defendant. Thereafter, the plaintiffs filed a motion for a new trial which was granted by the trial court. From this order, the defendant has appealed.

■ We have consistently held that the granting or denial of a motion for a new trial is within the sound discretion of the trial court, and that this court will not intervene unless it can be shown that the trial court manifestly abused its discretion. *Coats v. Lee & Eastes,* 51 Wn. (2d) 542, 320 P. (2d) 292 (1958); *Skov v. MacKenzie-Richardson,* 48 Wn. (2d) 710, 296 P. (2d) 521 (1956). See, also, *Riley v. Department of Labor & Industries,* 51 Wn. (2d) 438, 319 P. (2d) 549 (1957). Further, a much stronger showing of an abuse of discretion will ordinarily be required to set aside an order granting a new trial than one denying a new trial. *Riley v. Department of Labor & Industries,*

*supra*; *Johnson v. Howard*, 45 Wn. (2d) 433, 275 P. (2d) 736 (1954); *McUne v. Fuqua*, 42 Wn. (2d) 65, 253 P. (2d) 632 (1953).

Superior Court Rule 16, 34A Wn. (2d) 118, as amended, effective July 1, 1954, provides, in part:

"In all cases wherein the trial court grants a motion for a new trial, it shall, in the order granting the motion, *give definite reasons of law and facts for so doing*." (Italics ours.)

The order granting the respondents' motion for a new trial reads, in part, as follows:

"IT APPEARING that constant references in questions asked by defendants' counsel respecting one of plaintiffs' witnesses, to-wit: Mrs. Edith Owens, a sister of plaintiff, as to her personal life, such as inquiring whether she was on State welfare, whether or not she had custody of her own children or whether they had been taken from her subsequent to a divorce, plus pointed references to the location and name of the hotel in which she was living with her mother, mother also of the plaintiff, Donald Nelson, were improper and prejudicial to plaintiffs. In this regard defendants' counsel by inference was obviously attempting to acquaint the jury with the small marginal type hotel occupied by plaintiff's mother and sister to create an inference in the jury's mind that in such lodging these members of plaintiff's family were probably not all that they should be and the obvious inference that plaintiff, Donald Nelson was of the same type person. In this regard Bellingham is a relatively small town and it would appear most unusual if some members of the jury failed to apply their own personal knowledge to supplement the inferences created by the defense that Mrs. Owens' address and also the address of her mother was not everything it should be, although no direct effort was made at any time by the defense to attack the credibility of the witness Edith Owens, and

"IT FURTHER APPEARING that there was prejudicial misconduct on the part of defense counsel in his closing argument to the jury when he referred to the fact that the plaintiffs had moved away from Whatcom County after the collision complained of and thereby rendered it impossible for the defense to obtain accurate testimony or evidence as to plaintiffs' physical condition and in that regard in asserting that with plaintiffs living in California the defendants were

handicapped from a financial point of view, in obtaining medical testimony as to plaintiffs' physical conditions from the time they moved to California until the time of trial, and

"It Further Appearing that there was prejudicial misconduct on the part of defense counsel in his closing argument to the jury when he invited the jury to ask him any questions it might have in its mind so that he could clear them up for the jury, thereby placing plaintiffs in the untenable position of either objecting to such an invitation and thereby registering the impression with the jury that plaintiffs were attempting to block the jury's obtaining information which the defendants would furnish, or in the alternative, requiring plaintiffs to extend the same invitation to the jury, when the Court feels that any such invitation is improper because of the fact that no such questions should be permitted to counsel by members of the jury, [*it should be noted, that no juror asked any question and, therefore, the court was not called upon to rule on the invitation extended by appellant's counsel*] and

"It Appearing that there was prejudicial misconduct on the part of defendants' counsel in stating his personal views or opinions by challenging the plaintiffs' honesty and integrity in his closing argument to the jury, having reference to plaintiffs bringing the action in the first place and to plaintiffs' testimony, and

"It Further Appearing that all of the above instances of irregularities or misconduct were cumulatively prejudicial in nature,

"Now, Therefore, It Is Hereby Ordered, Adjudged and Decreed, that the plaintiffs' motion for a new trial is hereby granted for the following reasons:

"1. Irregularities in the proceedings by the defendants, together with misconduct on the part of defendants, as a consequence of which plaintiffs were prevented from having a fair and impartial trial.

"2. That substantial justice has not been done in the trial of this case. . . ." (Italics ours.)

We do not consider it necessary in this case to discuss separately the reasons relied upon by the trial court for granting the respondents a new trial. Suffice it to say, all of the reasons stated refer to acts of alleged misconduct of appellant's counsel during the cross-examination of the re-

spondents' witness, Mrs. Owens, or during his closing argument to the jury.

Respondents did not make any objection to any of the alleged acts of misconduct and made no request for a corrective instruction. Therefore, unless it can be said that the misconduct was so flagrant, persistent and ill-intentioned, or its wrong so obvious and evil results so certain that the trial court's instruction to disregard it could not neutralize its effect, the failure to object and request a corrective instruction was a waiver of such objection. See *Johnson v. Howard*, 45 Wn. (2d) 433, 275 P. (2d) 736 (1954); *McUne v. Fuqua*, 42 Wn. (2d) 65, 253 P. (2d) 632 (1953); *Ralston v. Vessey*, 43 Wn. (2d) 76, 260 P. (2d) 324 (1953). See, also, *State v. Case*, 49 Wn. (2d) 66, 298 P. (2d) 500 (1956), and cases cited therein.

We hold, in the instant case, that any misconduct on the part of appellant's counsel could have been cured by an instruction and, therefore, applying the rule above, the respondents waived any objection they might otherwise have been able to urge on this appeal.

Further, the respondents were aware of all the acts of misconduct set forth in the order of the trial court when they voluntarily submitted their case to the jury. They did not move for a mistrial but were willing to wait and gamble on a favorable verdict and then, for the first time, when the verdict was adverse, they claimed error. Under the circumstances of this case, we hold the reasoning of this court in *Casey v. Williams*, 47 Wn. (2d) 255, 287 P. (2d) 343 (1955) to be controlling. There we said:

"The question is not whether the trial court abused its discretion at the time the alleged error occurred, for plaintiff's counsel, at that time, asked for no relief and the court exercised no discretion. The question is: whether, as a matter of law under the facts of this case, plaintiff waived his right to claim error for alleged misconduct of the jury. We believe that he did. The rule announced in *Sun Life Assurance Co. v. Cushman*, 22 Wn. (2d) 930, 945, 158 P. (2d) 101 (1945) is determinative.

" 'It may be admitted that, in a case such as now before us, no admonition that could be given by the trial court

could correct the situation, if actual misconduct had occurred; but respondents had a remedy, and it was their duty, if they expected to claim error based upon the alleged misconduct of appellant and the jury, not only to call the matter to the attention of the trial court, *but also to claim a mistrial and ask that the jury be discharged* . . . and *not to wait*, as did respondents in this case, *until an adverse verdict had been rendered*, and then, for the first time, claim error based upon such alleged misconduct. (Italics ours.)'

"Such conduct of a juror (if prejudicial) is prejudicial when it occurs, and a party with knowledge must seek relief at that time. *He cannot gamble on the verdict of the jury and seek relief thereafter in the event the verdict is unfavorable to him.* Directing the trial court's attention to the alleged misconduct, without asking for relief of any kind, does not, under the circumstances of this case, *preserve the error for one who takes the calculated risk of permitting the case to go to the jury.*" (Italics ours.)

▪ In addition to misconduct of counsel, the trial court granted the respondents a new trial on the ground that substantial justice had not been done. Since no specific reasons are given in the order in support of this ground, we must assume the justification or reasons for granting the new trial on this ground are to be found in the record. *Lunz v. Neuman*, 48 Wn. (2d) 26, 290 P. (2d) 697 (1955); *McUne v. Fuqua*, 45 Wn. (2d) 650, 277 P. (2d) 324 (1954).

▪ Our examination of the record has failed to disclose any reason why substantial justice has not been done in this case. The respondents' cause was submitted to the jury under the most favorable instructions; however, it is obvious from the verdict that the jury chose to believe the testimony of the appellant that the gate was closed and latched when he and his son left the pasture, and that he was not, therefore, guilty of any negligence in connection with the collision. The credibility and weight to be given the testimony of Mr. Martinson was properly left to the jury under the court's instruction. See *McUne v. Fuqua*, 42 Wn. (2d) 65, 253 P. (2d) 632 (1953); *Rettinger v. Bresnahan*, 42 Wn. (2d) 631, 257 P. (2d) 633 (1953).

▪ The record does not support the order granting the new trial on any ground, and we must therefore hold that

the trial court, in entering the order, manifestly abused its discretion.

The order granting the respondents a new trial is reversed, and the cause is remanded to the trial court with instructions to enter judgment for the appellant in accordance with the verdict of the jury.

HILL, C. J., MALLERY, WEAVER, and OTT, JJ., concur.

[1]Reported in 328 P. (2d) 711.