[No. 35526. Department Two. March 30, 1961.]

JESSE B. SHORT *et al., Appellants,* v. ETHEL H. HOGE *et al., Respondents.**

*Reported in 360 P. (2d) 565.

*John D. Lawson,* for appellants.

*Skeel, McKelvy, Henke, Evenson & Uhlmann* and *Frederick V. Betts,* for respondents.

OTT, J.—The offices of Zella F. Short's attorneys were located on the seventeenth floor of the Hoge building in Seattle. Although three passenger elevators were provided for patrons, only one extended to the seventeenth floor. The others terminated on the sixteenth floor. June 3, 1957, Mrs. Short, upon entering the building, noted that the elevator markers on the ground floor level indicated that the one which serviced the seventeenth floor was already on it. She decided to take an elevator to the sixteenth floor and walk up the flight of stairs to the seventeenth floor.

After completing her business, Mrs. Short returned to the elevator entranceway. The elevator was not on the seventeenth floor, and she decided to take the stairway down one flight. The stairway had recently been covered with a rubberized material which blended closely with the color of the marble on the floor. The rubberized material extended approximately nine inches into the corridor and was beveled at the edges. The height of the beveled edge was approximately 1/16th to 1/32nd of an inch above the marble floor. As Mrs. Short approached the stairway, she tripped on the end of the rubberized material where it extended onto the marble. She lost her balance and fell forward down the stairway, sustaining personal injuries.

Mrs. Short and her husband commenced this action against the owners of the building to recover for her damages. Mrs. Short will hereinafter be referred to as though she were the sole plaintiff.

The complaint alleged that the installation of the rubberized material on the stairway created a deceptive and dangerous condition because it was slightly raised above

the marble floor and the close color blend rendered the raise almost imperceptible. It further alleged that the owners were negligent in failing to provide a handrail on the left side of the stairway as required by city ordinances, and that such failure constituted negligence *per se*, and was a proximate cause of her injury. The defendants' answer denied the material allegations of the complaint, and pleaded an affirmative defense of contributory negligence. The case was tried to a jury.

Ordinance No. 17240, § 85, which was in effect at the time the building was constructed in 1911, provided in part:

"All stairways over three (3) risers in height shall have substantial banisters and handrails along all sides of flights and landings not adjoining walls and around all well holes. All stairs in public buildings, . . . and all stairs over three (3) feet six (6) inches in width in . . . office buildings, . . . and all stairs more than three (3) feet six (6) inches in width having open wells on the left hand side ascending, shall have handrails on both sides of the stairways, . . ."

Ordinance No. 31578, adopted in 1913, provided that all stairways of more than three risers, and those over four feet in width, in public buildings, were to have handrails along both sides. Ordinance No. 72200, adopted in 1942, provided that stairways over three feet in width should have handrails along both sides. The stairway in question varied in width from 4 feet 4 inches to 4 feet 6½ inches. The building code provided for periodic inspections by city officers who had authority to enforce performance of the building requirements.

During the trial, at the instance of the plaintiff, a certified copy of a building permit, which had been issued to the original owners of the Hoge building in 1910, was admitted in evidence. The permit provided, *inter alia*: "Permit conditional upon subsequent approval of plans & specifications by Supt. of Bldgs." The plaintiff offered no evidence as to whether or not the plans were subsequently approved.

Mr. J. E. Horspool, co-ordinator of uses and permits for the city of Seattle building department, was called as a witness for the defendants. He testified that the conditional

building permit had been subsequently approved in writing, and that "the fact that the plans are approved and we have an O.K. from the Building Inspector at that time, I would have to say that the Building Department would say that was legal at that time." Mr. Horspool further testified, over plaintiff's objection, that in his opinion the banister-like construction on the left side of the stairway, although not a standard "handrail," constituted compliance with the requirements of the ordinances.

The jury's verdict was for the defendants. The plaintiff has appealed.

The appellant's first three assignments of error relate to the admission of Mr. Horspool's testimony, and the trial court's refusal to give certain instructions relative thereto. These assignments of error are as follows:

"(1) The trial court erred in admitting evidence, over objection, that approval of building plans indicated compliance with the building code (St. 273-274).

"(2) The trial court erred in failing to give appellant's offered instruction (St. 346-347), as follows:

" 'If you find that there has been a violation of the ordinance requiring handrails on both sides of the stairway in question, you are instructed that the defendants are charged with the knowledge of the requirements of the ordinance and the fact that the violation may have existed without the officials of the City of Seattle requiring correction of the violation does not relieve defendants from the duty to comply with the ordinance.'

"(3) The trial court erred in failing to give appellant's offered instruction (St. 347), as follows:

" 'You are instructed that the ordinance regulating the construction and maintenance of buildings, in effect at the time of the construction of the stairway here in question, provides that the approval of plans and specifications or the issuance of a building permit shall in no case be construed or taken as an adoption by the Department of Buildings of any violation of the ordinance discovered at any subsequent time. If you find that the stairway here in question does not conform to the requirements of the ordinance, the fact that the plans and specifications for the building and this stairway may have been approved is not an excuse for the violation and does not relieve the defendants from the duty to fully comply with the ordinance.' "

We will first consider the question of the admissibility of Mr. Horspool's testimony.

In order to establish a *prima facie* case on her theory of negligence *per se*, it was necessary for the appellant to prove (1) the existence of an ordinance, (2) its violation, (3) that such violation was the proximate cause of her injury, and (4) that she was within the class of people that the ordinance sought to protect. *Cook v. Seidenverg*, 36 Wn. (2d) 256, 217 P. (2d) 799 (1950), and cases cited therein. After introducing evidence from which the jury could have found for the appellant on all four of these elements, she offered as additional evidence a certified copy of the original building permit, which expressly provided that the permit to build the structure was conditional upon subsequent approval of the plans and specifications. This evidence invited an explanation. The respondents' proof that the original plans and specifications for the building had, in fact, been approved was made relevant by the issue that appellant had injected into the case.

What we said in *Bradshaw v. Seattle*, 43 Wn. (2d) 766, 781, 264 P. (2d) 265, 42 A. L. R. 800 (1953), is apposite here:

" . . . An explanation was thus invited, and whatever fault rested upon respondents' counsel for injecting an improper matter into the case rested equally upon opposing counsel."

The court did not err in receiving respondents' explanatory evidence.

Did the court commit reversible error in receiving Mr. Horspool's testimony that approval of the building plans signified that "the Building Department would say that was legal at that time," and in refusing to give appellant's requested instructions contained in assignments of error Nos. 2 and 3, above quoted? We think not. It is within the trial court's discretion to determine how many instructions are necessary to present fairly each litigant's theory of the case. *Jackson v. Department of Labor & Industries*, 54 Wn. (2d) 643, 343 P. (2d) 1033 (1959).

The trial court gave a total of fourteen instructions. The two instructions pertaining to appellant's theory of negligence *per se* were as follows:

Instruction No. 6: "I instruct you that at the time of the construction of the stairway here in question, the ordinance regulating construction and maintenance of buildings in the City of Seattle required that all stairways of more than three risers shall have substantial balusters and handrails along all sides of flights and landings not adjoining walls and also around all well holes. This ordinance further required that all stairs over four feet wide in office buildings shall have handrails on both sides of the stairway.

"The violation of an ordinance such as this by the owners of a building is negligence in itself. If you find, therefore, from a fair preponderance of the evidence, that the stairway in question failed to comply with the requirements of this ordinance and such failure was a proximate cause of the injuries and damages, if any, sustained by Mrs. Short, then you will return a verdict for the plaintiffs, unless you further find that Mrs. Short was herself contributorily negligent."

Instruction No. 7: "The fact that no handrail was present on the left side of the stairway as one descends does not in and of itself warrant recovery by the plaintiffs. They must prove by a fair preponderance of the evidence that the absence of the handrail was a proximate and contributing cause of the injuries, if any, sustained by Mrs. Short, and unless plaintiffs establish this fact by a fair preponderance of the evidence, the absence of the handrail would have no bearing upon the question of liability in this case."

The instructions, read together, accurately stated the law relative to negligence *per se*, and fairly presented the appellant's theory relative thereto. *Cook v. Seidenverg, supra.*

■ The ordinances did not define what constitutes a "handrail." The fact that the city inspectors, whose duty it was to examine the structure and determine if it met the requirements of the building code, had approved it is some evidence of compliance. Such evidence is not conclusive. It was the province of the jury to determine from all of the evidence relative thereto whether, in fact, the

structure did constitute a handrail as contemplated by the ordinance. *De Casiano v. Morgan*, 308 N. Y. 526, 127 N. E. (2d) 321 (1955). See *Morin v. Johnson*, 49 Wn. (2d) 275, 300 P. (2d) 569 (1956).

In this regard, the court's instruction No. 7 was most favorable to appellant, for the court instructed the jury that *no handrail* was, in fact, there present as follows:

"*The fact that no handrail was present* . . . does not in and of itself warrant recovery by the plaintiffs. They must prove . . . that the *absence of the handrail* was a proximate . . . cause of the injuries . . . sustained by Mrs. Short, . . . " (Italics ours.)

■ The appellant's requested instructions, quoted verbatim at the outset of this opinion, would have done no more than buttress her argument to the jury. *Holmquist v. Grant County*, 54 Wn. (2d) 376, 340 P. (2d) 788 (1959).

■ In *Smith v. McDaniel*, 53 Wn. (2d) 604, 610, 335 P. (2d) 582 (1959), we set forth the test to be applied, in determining whether or not a trial court erred in refusing to give proposed instructions, as follows: "May counsel, from the instructions given, satisfactorily argue his theory of negligence to the jury?"

■ Applying this test to the facts of the instant case, we conclude that the appellant was not prejudiced by the court's failure to give her requested instructions. Instructions Nos. 6 and 7 afforded appellant's counsel ample opportunity to argue negligence *per se*, and that the failure of the city inspectors to require a standard handrail did not relieve the owners of liability for their failure to comply with the ordinance.

We find no merit in appellant's second and third assignments of error.

The appellant's fourth assignment of error is directed to the trial court's refusal to give King County standard instruction No. 10 which provides, *inter alia*:

"It is not necessary that plaintiff prove each and every act of negligence charged against the defendant. It is sufficient to warrant a recovery by plaintiff if you find, by a fair preponderance of the evidence, that there has been established one or more acts of negligence, and that such

act or acts of negligence was or were a proximate cause of the injuries and damages complained of."

It is the appellant's contention that her case was based upon two separate acts of negligence, and that the instructions which were given required the jury to find that the respondents had been negligent in all of the particulars alleged, before a verdict for the appellant could be returned. In support of this contention, appellant points particularly to instruction No. 4, which states:

"The burden of proof is on each of the parties to establish by a fair preponderance of the evidence their allegations and claims that are denied by the other party."

Instruction No. 4 was a general instruction relating to the burden of proof, and correctly stated the law. It was followed by instruction No. 5 which stated, *inter alia*:

" . . . Any party claiming negligence has the burden of proving, by a fair preponderance of the evidence, that the other party *was negligent in some one of the particulars claimed*, and that such negligence was a proximate cause of the injury and damage claimed." (Italics ours.)

■ When the substance of the refused instruction is contained in the instructions given, there is no error. *State v. Evans*, 57 Wn. (2d) 288, 291, 356 P. (2d) 589 (1960), and case cited.

Appellant further contends that the court erred by giving repetitious instructions on the law of contributory negligence in instructions Nos. 5, 6, 7, and 9. The appellant's brief states:

"Appellant does not argue that the law of contributory negligence was greatly misstated by the court, but appellant does assert strongly that such overemphasis on the respondents' theory of the case confused the jury and prejudiced the appellant's case."

We have carefully examined the instructions given by the trial court. When considered as a whole, we do not find them to be prejudicial to the appellant. We find no merit in appellant's fifth assignment of error.

The sixth assignment of error is directed to the court's denial of appellant's motion for a new trial, which was

predicated upon each of the alleged errors previously discussed. We find no merit in this assignment for the reasons stated.

The judgment is affirmed.

FINLEY, C. J., MALLERY, DONWORTH, and HUNTER, JJ., concur.