[No. 35944.   Department One.   December 21, 1961.]

CARL F. STRANDBERG, *Respondent*, v. NORTHERN PACIFIC
RAILWAY COMPANY, *Appellant.*\*

*\*Reported in 367 P. (2d) 137.

*Dean H. Eastman* and *Robert J. Allerdice*, for appellant.

*Miracle, Treadwell & Pruzan* and *Edward C. Burch*, for respondent.

ROSELLINI, J.—The plaintiff brought this action seeking to recover damages for personal injuries which he alleged he received on August 15, 1958, while engaged in employment as a machinist by the defendant Northern Pacific Railway Company, at Hoquiam, Washington.

He alleged in his complaint that he had just finished certain inspection work on a diesel engine, and, upon leaving the engine, fell to the ground. He alleged that the defendant was negligent in failing to provide him with a safe place to work, and in failing to provide extensions or walkways alongside of the engines placed in the roundhouse for inspection or repairs.

By answer, the defendant denied it was negligent and affirmatively alleged that, if the plaintiff was injured, his injuries were due to his own negligence and not to any negligence of the defendant. The jury returned a verdict in favor of the plaintiff, finding, in answer to special interrogatories, that sixty-five per cent of the negligence causing the accident was attributable to the defendant, and thirty-five per cent to the plaintiff.

Under the applicable federal employers liability act (45

U. S. C. § 53), contributory negligence does not preclude recovery, but the damages must be diminished by the jury in proportion to the amount of negligence attributable to the employee. The jury in this case reduced the amount of the verdict in accordance with this provision of the law.

■ The defendant, appealing, contends first of all that a verdict should have been directed in its favor, inasmuch as there was no evidence which would support a jury's finding that it was negligent. As we understand the defendant's theory, it is that the testimony of the plaintiff showed that the accident would not have occurred had he been holding to a handrail that was located above the engine door; and consequently his injuries were the result solely of his own negligence.

This theory disregards the plaintiff's evidence which tended to show that the running board on the engine was only seventeen inches wide and was situated five feet above the ground; that the engine door was also seventeen inches wide; that there was no guard rail on the running board; that extensions of the running board or walkways could reasonably and practicably have been provided; and that the accident would have been avoided if such safeguards had been in use. According to the plaintiff's testimony, he had completed an inspection procedure inside the engine room and had stepped out on the running board (facing out from the engine and away from the overhead handrail), and as he turned to close the door, it swung toward him and caused him to lose his balance. He reached for the handrail, but was unable to grasp it and fell backwards onto the ground.

It was for the jury to determine whether the accident was due in whole or in part to the negligence of the plaintiff in choosing an unsafe means of leaving the engine room and closing the door, and to what extent the negligence of the defendant if any, was the proximate cause of his injuries. It was not for the trial court to say, as a matter of law, that the negligence of either party was the sole proximate cause. The court did not err, therefore, in refusing to direct a verdict for the defendant.

■ Error is assigned to the denial of the defendant's motion to strike the testimony of one of the doctors who had examined the plaintiff, on the ground that this doctor failed to state that, in his opinion, the plaintiff's condition was caused by the accident. The case which the defendant relies upon in support of this assignment is *Stampas v. Department of Labor & Industries*, 38 Wn. (2d) 48, 227 P. (2d) 739, wherein we held that the probability of a causal connection between an industrial injury and a subsequent physical condition must be established by the testimony of medical experts. In this case this causal connection was established by the testimony of at least one other doctor. That case did not hold, and we do not conceive it to be the law, that a physician's testimony has no value and is inadmissible if he does not testify that the plaintiff's condition, as he found it in his examination, was, or probably was, caused by the accident which forms the basis of the suit. Of course, his testimony will not support a finding that there was such a causal connection, but it is relevant and admissible to prove the physical condition of the plaintiff at the time of the examination or treatment. The court correctly refused to strike the doctor's testimony.

■ The defendant assigns error to the court's refusal of its requested instruction pertaining to the duty of an employee to use safe procedures when they are available to him. The substance of the proposed instruction was contained in another instruction given by the court which stated the law more fully and accurately, and its refusal was not error.

■ The defendant complains that the court's instruction No. 11 was improper. This instruction told the jury that it is the nondelegable duty of a railroad to furnish its employees a reasonably safe place in which to work. It is the contention of the defendant that, even though the instruction correctly stated the law, the use of the word "nondelegable" implied to the jury that the defendant had a higher duty than that imposed by law. We see no merit in this contention. If the defendant thought that the word should be defined for the jury, it should have proposed an

instruction for this purpose. We cannot assume that the jury did not know the meaning of the word. The presumption is that the jury understands words in their ordinary meaning. It will not be presumed that a jury was misled by a correct instruction, or that it accorded the instruction a meaning different from its plain language. 5 C. J. S. 1220, § 1562 (3).

It is next complained that the instruction is erroneous because it does not state that it is the duty of the railway company only to use reasonable care in furnishing its employees with a safe place to work. However, we have examined the instructions as a whole and have observed that they made it abundantly clear to the jury that the defendant did not have an absolute duty to provide a safe place to work, but only a duty to exercise reasonable care in providing a reasonably safe place to work.

Error is assigned to two other instructions, the contention being that they were misleading under the evidence. We have examined these instructions and have concluded that they correctly state the law and are applicable to the evidence.

The defendant urges that a new trial should have been granted by reason of the fact that certain statements made by counsel for the plaintiff in his argument to the jury, were prejudicial to the defendant's case. During the trial, the plaintiff called a safety engineer and asked him what the safety standards were for employees required to work on platforms five feet above ground. An objection of the defendant to this testimony was sustained. In arguing to the jury, the plaintiff's attorney referred to this offered testimony and remarked that the defendant was apparently unwilling to have the jury know what the safety practices were. An objection to this line of argument was sustained and a request to instruct the jury to disregard the remarks was granted. The court told the jury at this point that the testimony was objected to and stricken, "which in no way implies that the defendant could do anything else."

The plaintiff's counsel then remarked "let me ask you, why didn't the defendant bring in some evidence of safety

practice in the State of Washington if they wanted you to know?" No objection was made to this remark, and the plaintiff's counsel made no further argument on the subject. The defendant's counsel, in his closing argument, advised the jury that there had been no evidence of safety standards and no evidence that the standard established practices and procedures of the defendant required the use of platforms for the type of work the plaintiff was doing.

The trial court, in ruling on the defendant's motion for a new trial, stated that it felt the remarks of plaintiff's counsel were prejudicial, but that the prejudicial effect could have been cured by an instruction that there were "no established standards of safety" and that the argument was improper and to be disregarded. Consequently, the court decided, by not requesting such an instruction, the defendant waived its objection.

■ Evidently, the trial court did not have a transcript of the statement of facts before it, and had forgotten that the jury had been instructed to disregard counsel's statements. The rule is that a new trial should not be granted because of misconduct of counsel, unless there has been a request to the trial judge to give the jury a corrective instruction, except where the misconduct was so flagrant that no instruction would cure it. *Seattle v. Harclaon*, 56 Wn. (2d) 596, 354 P. (2d) 928; *McUne v. Fuqua*, 42 Wn. (2d) 65, 253 P. (2d) 632; *State v. Leuch*, 198 Wash. 331, 88 P. (2d) 440. In the latter case, a first degree murder trial involving the death penalty, the prosecutor made the following statement in the presence of the jury: "We want the jury to hear all the evidence. Perhaps you don't want them to have it." This court held that the prejudicial effect of this statement could have been cured by an instruction telling the jury to disregard it, and that it was not so flagrant as to deprive the defendant of a fair trial.

■ The remark made by the prosecutor in that case was of the same import as the argument by the plaintiff's attorney in the case before us. Here the trial court did instruct the jury to disregard the argument, and it was also counteracted by the argument of the defendant's attor-

ney. As we said in *Jones v. Hogan*, 56 Wn. (2d) 23, 351 P. (2d) 153, argument is not evidence, and we cannot attribute to any jury in this state a lack of sufficient mentality to distinguish between the two. This is especially true after the court has instructed the jury to disregard the argument.

Here we think it clear that any prejudice which may have resulted from the improper arguments of the plaintiff's attorney, was dispelled by the court's instruction to disregard them. It may be that a further instruction, to the effect that there were no established standards of safety, would have made it plainer to the jury that it was not to consider the fact that no standards had been proved. Presumably, a request by the defendant for an instruction to that effect would have been granted. By not requesting such an instruction, the defendant waived the error, if any.

The judgment is affirmed.

FINLEY, C. J., HILL, WEAVER, AND FOSTER, JJ., concur.