# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| STATE OF WASHINGTON, | No.  48253-3-II |
| Respondent, | |
| v. | |
| JOSEPH P. STONE, | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Joseph P. Stone appeals his conviction for forgery.[1]  Stone argues that he received ineffective assistance of counsel because (1) his counsel failed to object to an officer's improper opinion on his guilt and (2) his counsel failed to object to an improper comment on his right to remain silent.  Stone fails to establish ineffective assistance of counsel.  Accordingly, we affirm his conviction, and waive appellate costs.

## FACTS

On February 3, 2015, Stone attempted to cash a check at Community Credit Union.  The teller informed Stone that she could not cash the check because the writer's signature was missing.  Stone said he would get the check signed and bring it back.  A short time later, Stone returned and asked another teller to cash the check.  The second teller noted that there was still no signature on

---

[1] Stone was also convicted of one count of bail jumping.  Stone does not appeal his bail jumping conviction.

the front of the check but that the back was signed. The teller called the phone number on the front of the check to try to verify the account, but the number went to a voice mail with a different name than the name on the check. Ultimately, the teller agreed to deposit the check with a hold, but she would not cash it.

Sergeant Virgil Pentz of the Shelton Police Department responded to the credit union. Sergeant Pentz spoke with both tellers at the credit union about Stone's attempts to cash the check. By that point it had been established that the check was written on a closed account and the owner of the account was deceased. Sergeant Pentz then contacted Stone, who was in the lobby of the credit union. Sergeant Pentz arrested Stone.

The State charged Stone with one count of forgery.[2] Community Credit Union tellers Lynnette Harrison and Sara Morgan testified to the facts above regarding their contact with Stone. Sergeant Pentz also testified about his contact with Stone. When asked what he did after contacting Stone at the credit union, Sergeant Pentz responded,

> Based on the evidence at that time, the check that he presented, he'd actually left the bank to get signatures -- more signatures on the check, I detained him and arrested him for one count of forgery.

Report of Proceedings (RP) at 72. Pentz also testified about his contact with Stone after his arrest:

> [STATE]: Did he provide you a taped statement?
> [PENTZ]: A partial statement.
> [STATE]: Okay. Why do you say partial?
> [PENTZ]: As we went in to trying to nail down the facts of what had happened he got more and more agitated, said he hadn't done anything wrong. I ultimately pointed out to him that the signature on the back looked like they were signed by the same person and it could possibly have been him. He got very agitated and said he didn't want to talk anymore, so we ended the statement.

---

[2] RCW 9A.60.020(1).

2

RP at 73. Later in the trial, Stone testified about why he abruptly ended the statement with Pentz:

[DEFENSE COUNSEL]: And you stopped that statement, correct?

[STONE]: Uh-hum.

[DEFENSE COUNSEL]: And it sounded like on the tape that you were getting frustrated. Why?

[STONE]: Because it's just not something that I needed to wanted to go through, you know. I haven't been in trouble for a long, long time and I mean I had a life, a really good life. I had my apartment. I had full custody of my son, you know. I was doing really good. A felony charge is the last thing that I needed.

RP at 90. Stone maintained that he did not know the check was forged when he attempted to cash it.

The jury found Stone guilty of forgery. Stone appeals.

ANALYSIS

I. INEFFECTIVE ASSISTANCE OF COUNSEL

Stone argues that he received ineffective assistance of counsel because (1) his counsel failed to object to an officer's improper opinion on his guilt and (2) his counsel failed to object to an improper comment on his right to remain silent. We disagree. To prevail on an ineffective assistance of counsel claim, a defendant must show both deficient performance and resulting prejudice. *Strickland v. Washington*, 466 U.S. 668, 687, 104 S. Ct. 2052, 80 L. Ed. 2d 674 (1984). Counsel's performance is deficient if it falls below an objective standard of reasonableness. *State v. McFarland*, 127 Wn.2d 322, 334-35, 899 P.2d 1251 (1995). Our scrutiny of counsel's performance is highly deferential; there is a strong presumption of reasonableness. *McFarland*, 127 Wn.2d at 335. To rebut this presumption, a defendant bears the burden of establishing the absence of any conceivable trial tactic explaining counsel's performance. *State v. Grier*, 171

Wn.2d 17, 33, 246 P.3d 1260 (2011). When a defendant bases his ineffective assistance of counsel claim on counsel's failure to object, the defendant must show that the objection would likely have succeeded. *State v. Gerdts*, 136 Wn. App. 720, 727, 150 P.3d 627 (2007). To establish prejudice, a defendant must show a reasonable probability that the outcome of the trial would have differed absent the deficient performance. *Grier*, 171 Wn.2d at 34. If a defendant fails to establish either deficiency or prejudice, the ineffective assistance of counsel claim fails. *Strickland*, 466 U.S. at 697.

A. ARREST TESTIMONY

Stone argues that he received ineffective assistance of counsel because his counsel failed to object to Sergeant Pentz's testimony about his arrest. Stone alleges that Pentz's testimony regarding his arrest is an improper opinion on guilt. "Opinions on guilt are improper whether made directly or by inference." *State v. Quaale*, 182 Wn.2d 191, 199, 340 P.3d 213 (2014). The rationale for this rule is that such statements invade the exclusive province of the finder of fact. *State v. Black*, 109 Wn.2d 336, 348, 745 P.2d 12 (1987). But, there is no authority to support Stone's assertion that Pentz's testimony regarding the mere fact of Stone's arrest is an improper opinion on guilt.

And, the cases to which Stone cites are easily distinguishable. In *State v. Carlin*, it was improper for an officer to testify that a tracking dog followed the defendant's "fresh guilt scent." 40 Wn. App. 698, 700, 703, 700 P.2d 323 (1985), *overruled on other grounds by City of Seattle v. Heatley*, 70 Wn. App. 573, 854 P.2d 658 (1983). Stating that a dog followed a "fresh guilt scent" is not comparable to the mere fact of an arrest. In *Warren v. Hart,* the Supreme Court determined that it was improper to argue in closing that officers responding to an accident acted as a "little

4

baby court," and that the fact that the officers did not issue a citation was strong evidence that the defendant was not negligent. 71 Wn.2d 512, 517–18, 429 P.2d 873 (1967). But, that case was a civil case. More significantly, counsel there explicitly argued that the jury should defer to the officers because they were experts that had already considered whether there were any violations. *Warren*, 71 Wn.2d at 517. Here, there was only evidence regarding the mere fact of Stone's arrest and the State did not argue that Stone's arrest equated to guilt.

Stone cannot show that Sergeant Pentz's testimony regarding the mere fact of Stone's arrest was an improper opinion on guilt. Therefore, Stone has failed to show that, if counsel had objected to Pentz's testimony, the objection would likely have been sustained. Accordingly, Stone has failed to establish that counsel's performance was deficient and his first ineffective assistance of counsel claim fails.

B. TERMINATION OF INTERVIEW

Stone also argues that he received ineffective assistance of counsel because his counsel failed to object to Sergeant Pentz's testimony regarding ending Stone's statement. Stone alleges that Pentz's testimony regarding his partial statement was an improper comment on his right to remain silent. We disagree.

The Fifth Amendment to the United States Constitution and article I, section 9 of the Washington Constitution "guarantee a criminal defendant the right to be free from self-incrimination, including the right to silence." *State v. Knapp*, 148 Wn. App. 414, 420, 199 P.3d 505 (2009). A police witness "may not comment on the silence of the defendant so as to infer guilt from a refusal to answer questions." *State v. Lewis*, 130 Wn.2d 700, 705, 927 P.2d 235 (1996).

Assuming that counsel was deficient for failing to object to Sergeant Pentz's testimony regarding the termination of the interview, Stone has failed to demonstrate prejudice. Harrison and Morgan both testified that Stone repeatedly attempted to cash or deposit an unsigned check written on the closed account of a deceased account holder. Based on Harrison's and Morgan's testimony, Stone cannot show that the outcome of the trial would have differed if counsel had objected to Sergeant Pentz's testimony regarding the termination of Stone's interview. Therefore, Stone cannot establish prejudice and his ineffective assistance of counsel claim fails.

Stone has failed to establish either of his ineffective assistance of counsel claims. Accordingly, we affirm.

## II. APPELLATE COSTS

Stone has also filed a supplement brief opposing the award of appellate costs to the State in light of *State v. Sinclair*, 192 Wn. App. 380, 367 P.3d 612, *review denied*, 185 Wn.2d 1034 (2016), asserting that he lacks the ability to pay such costs if imposed. The State has indicated it will not seek appellate costs. Accordingly, we elect to exercise our discretion under RCW 10.73.160(1) and waive imposition of appellate costs.

Stone fails to establish either of his ineffective assistance of counsel claims. We affirm Stone's conviction, and we exercise our discretion and waive appellate costs.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

MAXA, A.C.J.

WORSWICK, J.