IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION THREE

| | | |
|---|---|---|
| STATE OF WASHINGTON, | ) | |
| | ) | No. 36931-5-III |
| Respondent, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| MICHAEL WAYNE HELMS, | ) | UNPUBLISHED OPINION |
| | ) | |
| Appellant. | ) | |

KORSMO, A.C.J. — Michael Helms appeals from convictions for possession of

methamphetamine and heroin, arguing that the controlled substances were the fruit of an

unlawful seizure. Since he did not move to suppress the evidence, his belated challenge

is waived. The convictions are affirmed.

FACTS

Officers patrolling downtown Yakima observed Mr. Helms in an alcove leading to

the front door of a business. Noticing needles at his feet and another in his hand, along

with a small plastic "baggie" that an officer knew was drug paraphernalia, the officers

arrested Helms, advised him of his *Miranda*[1] rights, and questioned him. Upon searching

---

[1] *Miranda v. Arizona*, 384 U.S. 436, 444, 86 S. Ct. 1602, 16 L. Ed. 2d 694 (1966).

Helms, the officer discovered both a plastic baggie containing heroin and a piece of plastic containing a crystal-like substance recognized as methamphetamine.

The prosecutor filed the noted charges six days later. Prior to trial, the prosecutor noted a CrR 3.5 hearing to qualify the statements made by Helms. An officer testified to the facts noted above. The court found the statements to have been voluntarily made and ruled them admissible at trial.

The case was defended on a theory of fleeting or momentary possession of someone else's drugs abandoned in the alcove. Nonetheless, the jury convicted Mr. Helms as charged. After the trial court imposed concurrent mid-range sentences of 18 months, Mr. Helms appealed to this court. A panel considered the appeal without conducting argument.

## ANALYSIS

The appeal raises a single claim, although stated in two parts. Mr. Helms claims that he was arrested without probable cause and that the error was manifest, with the record sufficiently developed to permit review of the issue. We consider the two questions as one. Mr. Helms never moved to suppress the evidence, nor did he object to its admission at trial. His challenge is waived.

The general rule is that an appellate court will not consider an issue on appeal which was not initially presented to the trial court. RAP 2.5(a); *State v. Scott*, 110 Wn.2d 682, 685, 757 P.2d 492 (1988). Even when the issue presented involves a question of

manifest constitutional error, one of the limited exceptions to the general rule, the issue cannot be considered unless the record adequately presents the issue. *State v. McFarland*, 127 Wn.2d 322, 333-334, 899 P.2d 1251 (1995). A manifest constitutional error in the search and seizure context exists when the record establishes that the trial court would have granted a motion to suppress. *Id*. at 333-334.

The question of whether a seizure has occurred is one that presents a mixed question of law and fact. *State v. Armenta*, 134 Wn.2d 1, 9, 948 P.2d 1280 (1997). After hearing a motion to suppress, the trial court must enter findings of fact and conclusions of law. CrR 3.6. This court reviews those findings of fact for substantial evidence. *State v. Hill*, 123 Wn.2d 641, 644, 870 P.2d 313 (1994). The appellate court then reviews de novo the conclusions derived from the factual findings. *Armenta*, 134 Wn.2d at 9.

The policy considerations that drive RAP 2.5(a) were drawn from existing rules and common law history—the failure to assert an alleged error at trial waives the right to present it on appeal. *E.g.*, *State v. Van Auken*, 77 Wn.2d 136, 143-144, 460 P.2d 277 (1969); *Nelson v. Martinson*, 52 Wn.2d 684, 689-690, 328 P.2d 703 (1958). Among those rules is the basic consideration that evidence unchallenged at trial cannot later be challenged on appeal. *State v. Robinson*, 171 Wn.2d 292, 304, 253 P.3d 84 (2011); *State v. Silvers*, 70 Wn.2d 430, 432, 423 P.2d 539 (1967) ("This court has consistently held that, to preserve an alleged trial error for appellate review, a defendant must timely object to the introduction of the evidence or move to suppress it prior to or during the trial.") A

3

challenge to evidence derived from a search that was waived by failure to object at trial

can be presented on appeal when retroactive application of a new constitutional principle

overrules previous precedent. *Robinson*, 171 Wn.2d at 305 (remanding to hold

suppression hearing).[2]

The only challenge to the admission of the heroin or methamphetamine at trial was

to the foundation for the expert's identification of the substances. Report of Proceedings

at 133, 136-137. There was no motion to suppress and no CrR 3.6 hearing conducted.

Accordingly, there are no findings for this court to review that describe what happened.

This record is inadequate to consider the claim.

Mr. Helms argues that the record of the CrR 3.5 hearing and trial testimony

present an adequate record on which to decide his claim, making his allegation manifest.

We disagree. The focus of the CrR 3.5 hearing was on *when*—when was the defendant

taken into custody, when was he advised of rights, when did he make the statements to

the police. The focus of a CrR 3.6 hearing is on *why*—why did the officers believe they

had probable cause to arrest Mr. Helms. The prosecutor did not develop the record

concerning the question and the trial court made no factual findings related to the topic.

That question is not answered by the record of this case, although passing reference to the

---

[2] This is consistent with the original commentary to the rule: "Exception (3) is intended to encompass developing case law. Thus, certain constitutional questions can be raised for the first time on appeal." RAP 2.5 cmt. at 86 Wn.2d 1151 (1976).

facts of the event suggest that the officers observed Mr. Helms in possession of drug paraphernalia, resulting in the arrest and search that uncovered the controlled substances at issue in the trial. *Why* did they believe the items were paraphernalia? Were other people in the vicinity to whom the drugs might have belonged (as suggested by Mr. Helms)? Was the business closed? Was that location regularly used for the purpose of drug ingestion? Why did the officer *know* that the baggie constituted paraphernalia?

The limited facts that are before us do not suggest that Mr. Helms would have won a motion to suppress. His search and seizure claim is not manifest.[3] RAP 2.5(a)(3); *McFarland*, 127 Wn.2d at 333-334.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Korsmo, A.C.J.

WE CONCUR:

_____    _____
Fearing, J.                         Siddoway, J.

---

[3] In the federal courts, this argument would not be entertained due to *Stone v. Powell*, 428 U.S. 465, 96 S. Ct. 3037, 49 L. Ed. 2d 1067 (1976) (federal courts will not consider state habeas case raising suppression issue that could have been, but was not, raised in the trial court).